William A. TOWNSLEY, Appellant,

v.

UNITED STATES, Appellee.

No. 3752.

District of Columbia Court of Appeals.

Submitted Oct. 18, 1965.

Decided Dec. 23, 1965.

Rehearing Denied Jan. 13, 1966.

William J. Garber, Washington, D. C., for appellant.

David C. Acheson, U. S. Atty., and Frank Q. Nebeker, Gerald M. Caplan, and Henry J. Monahan, Asst. U. S. Attys., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge:

Appellant was charged with narcotic vagrancy in violation of Code 1961, § 33–416 (a) (b) (1) (B) and was convicted by the court sitting without a jury. This appeal followed.

■ The record before us reveals a question which merits consideration despite the fact that appellant's counsel failed to raise it either at trial or on appeal. Pursuant to our power to notice "[p]lain errors or defects affecting substantial rights * * * although they were not brought to the attention of the court," [1] we find that appellant was convicted on the basis of illegally obtained evidence which should have been suppressed by the trial court. See Contee v. United States, 94 U.S.App.D.C. 297, 215 F.2d 324 (1954), and Smith v. United States, 118 U.S.App.D.C. 235, 239 n. 13, 335 F.2d 270, 274 n. 13 (1964). Few rights are more substantial than the right not to be convicted on evidence obtained in violation of the provisions of the Fourth Amendment. Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652, (1914). The Fourth Amendment guarantees:

> "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

We cannot blind ourselves to the violation of appellant's constitutional rights, clearly presented in the record.

The statement of proceedings and evidence discloses that on January 20, 1965, Detective Paul of the Narcotics Squad, Metropolitan Police Department, received a

1. Ct.Gen.Sess. Crim.Rule 32(b).

telephone call from a "previously reliable source of information" that one Michael Neal Kleinbart had a large quantity of narcotics in Room 903 of the Cairo Hotel, where he was registered under the name of "Falco." The source stated that the narcotics had been stolen from a drugstore in Kensington, Maryland. Detective Paul testified that he had knowledge that narcotics had recently been stolen from a Kensington drugstore. He contacted the United States Commissioner in order to obtain a search warrant, but the Commissioner told him that he could not get into his office as it was Inauguration Day and he did not have a pass. The Court of General Sessions was then called but it was alleged that no one was in the building. An Assistant United States Attorney subsequently advised the detective to go to the hotel to investigate.

Detective Paul, along with two police officers, went to the hotel and ascertained that one Falco was registered in Room 903. The window of the room was placed under observation and Detective Paul knocked and identified himself. He testified that a voice within said, "Wait a minute," and that someone then ran away from the door. The officer observing the window called out something (although the record does not disclose what), and Paul knocked again. Dragging noises and a bang against the door were heard. Paul and one of the officers then forced open the door and entered the room. There they found Kleinbart and appellant, together with narcotics and narcotic paraphernalia. At this time, Detective Paul testified, appellant admitted that he was a narcotics user. The third officer entered the room a few minutes later carrying a bottle containing capsules which had been thrown from the window. Appellant and Kleinbart were arrested and subsequently charged.

■ A search without a warrant is permitted in two instances only: where the search is incident to a valid arrest or where exceptional circumstances are present. United States v. Jeffers, 342 U.S. 48,

72 S.Ct. 93, 96 L.Ed. 59 (1951). But no such exceptional circumstances were shown here. As the Supreme Court stated in Johnson v. United States, 333 U.S. 10, 15, 68 S.Ct. 367, 369, 92 L.Ed. 436 (1948):

> " * * * No suspect was fleeing or likely to take flight. The search was of permanent premises, not of a movable vehicle. No evidence or contraband was threatened with removal or destruction * * *."

And the Court's language in McDonald v. United States, 335 U.S. 451, 455, 69 S.Ct. 191, 93 L.Ed. 153 (1948), is equally applicable to the case at bar:

> " * * * No reason, except inconvenience of the officers and delay in preparing papers and getting before a magistrate, appears for the failure to seek a search warrant. But those reasons are no justification for bypassing the constitutional requirement * * *."

If the officers could not have obtained a warrant on January 20, no special situation prevented them from waiting until the 21st.

■■ Thus, for the search to have been legal, it must have been incident to a valid arrest. The validity of the arrest in turn depends upon whether the officers had probable cause to believe that an offense had been or was being committed. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Certainly the probable cause needed for an arrest without a warrant must be as great or greater than that required to be shown in order to obtain a warrant. To hold otherwise would be to destroy the incentive for obtaining warrants. Beck v. State of Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); Wong Sun v. United States, supra. If the officers could not have obtained a warrant on the information which impelled them to act, the arrest cannot be upheld as valid.

In the case of Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723

(1964), the Supreme Court set forth requirements for obtaining a search warrant on the basis of information provided by an informer.[2] There a warrant had been issued on the basis of an affidavit stating that a credible person had given the affiants reliable information causing them to believe that narcotics were being kept at certain premises for illegal uses. The Court held that the affidavit did not provide a sufficient basis for a finding of probable cause, stating that:

> " * * * The affidavit here not only 'contains no affirmative allegation that the affiant spoke with personal knowledge of the matters contained therein,' it does not even contain an 'affirmative allegation' that the affiant's unidentified source 'spoke with personal knowledge.' For all that appears, the source here merely suspected, believed or concluded that there were narcotics in petitioner's possession. * * *" (378 U.S. at 113, 84 S.Ct. at 1513.

The Court further provided that in order to obtain a warrant:

> " * * * the magistrate must be informed of some of the *underlying circumstances from which the informant concluded that the narcotics were where he claimed they were*, and some of the underlying circumstances from which the officer concluded that the informant * * * was 'credible' or his information 'reliable.'" (Emphasis supplied.) (378 U.S. at 114, 84 S.Ct. at 1514.)

The vice of the Aquilar affidavit is equally present in the case before us. No "underlying circumstances" for the informer's belief were presented to the officers and there was no "substantial basis" for their giving credit to the hearsay presented to them. United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); Jones v. United States, 362

U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). The arrest was without probable cause and invalid, being a mere pretext for the search. See McKnight v. United States, 87 U.S.App.D.C. 151, 183 F.2d 977 (1950). The search was thus unreasonable and the evidence which was its fruit should not have been admitted.

 As we have been dealing with this matter sua sponte, it is possible that the government has additional evidence concerning the question of probable cause which it did not bring forward because not heretofore challenged. Accordingly, we remand the case for further proceedings not inconsistent with this opinion.

Reversed and remanded.

HOOD, Chief Judge, dissents.

---

**2.** The language of the Fourth Amendment applies to search and arrest warrants

alike. See Beck v. State of Ohio, supra, n. 6.