Wayne J. HALL, Appellant,

v.

UNITED STATES, Appellee.

No. 4716.

District of Columbia Court of Appeals.

Argued March 10, 1969.

Decided May 7, 1969.

---

John J. Hurley, Washington, D. C., appointed by this court, for appellant.

Bruce P. Saypol, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., Frank Q. Nebeker and Julius A. Johnson, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and KELLY and FICKLING, Associate Judges.

KELLY, Associate Judge:

It is appellant's contention on this appeal that the trial judge erred in denying as untimely his request to hear a motion to suppress made as the trial was about to begin, and in thereafter admitting certain government exhibits into evidence over his objection. We affirm.

GS Criminal Rule 28(e) [1] requires that a motion to suppress be made in writ-

1. Identical to Fed.Rules Crim.Procedure 41(e).

ing before trial "unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion," but the rule goes on to say that "the Court in its discretion may entertain the motion at the trial." It has on occasion been held that a motion to suppress made during trial is timely upon an adequate showing of lack of prior opportunity to make the motion,[2] or of new grounds for the motion of which the defendant was not previously aware,[3] or upon a showing that the denial of the opportunity to so move constitutes plain error affecting substantial rights.[4] Even when denied pretrial, in certain circumstances a motion to suppress may be made again at trial.[5] None of these mitigating circumstances exist here.

The trial of this case began approximately three months after arraignment and appointment of counsel, during all of which time appellant was free on bond. The request to present the motion was made after the case was certified from the General Sessions' Assignment Court where appellant presumably announced he was ready for trial. It was made on the basis of information obtained by counsel in recent talks with appellant and from a recently procured police department form, a public record, both bearing on the manner in which appellant was arrested. No immediate steps were taken to suppress the evidence upon receipt of this information although the trial was not scheduled for three or four days later. Nor was a satisfactory reason for this delay given the

trial judge who, after thorough examination, denied the request to hear the motion.

The purpose of the rule requiring that a motion to suppress be made pretrial is so that matters not relevant to guilt may be decided before trial and the trial may proceed in orderly fashion without interruption on collateral issues.[6] That purpose is frustrated when counsel fails or neglects, without justification, to make the motion pretrial and then attempts to do so at trial. Here, counsel could not explain why he had no prior knowledge of the facts surrounding the arrest, nor why he did not sooner move to suppress the incriminating evidence. Consequently he did not establish grounds for discretionary relief under GS Criminal Rule 28(e).

Moreover, there is in this case no plain error affecting substantial rights. The salient facts are that on September 28, 1967, agents of the Federal Bureau of Investigation went to a local motel armed with an arrest warrant for one Townsley, originally a codefendant at appellant's trial. They knocked on the door of one of the rooms, not registered in the name of either defendant, and appellant answered. The agents identified themselves, stated their purpose and asked if Townsley was there. Appellant said he was not. The agents entered the room, looked around and found Townsley under the bed. Townsley was arrested and a search was made of the room. A quantity of narcotics was found in a desk drawer and in a tissue box in the bathroom. The agents then called the Metropolitan Police who arrested

2. Gouled v. United States, 255 U.S. 298, 41 S.Ct. 261, 65 L.Ed. 647 (1921).

3. Gouled v. United States, *supra* note 2; Contee v. United States, 94 U.S.App.D.C. 297, 215 F.2d 324 (1954).

4. Contee v. United States, *supra* note 3; Townsley v. United States, D.C.App., 215 A.2d 482 (1965).

5. Rouse v. United States, 123 U.S.App. D.C. 348, 359 F.2d 1014 (1966).

6. Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, 78 A.L.R. 2d 233 (1960); Nardone v. United States, 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. 307 (1939). *Jones* is similar on the facts to this case but there a pretrial motion to suppress was made and denied on the issue of standing. The Court said that a conviction on the basis of possession should not be had without a hearing on a *duly* made motion to suppress. 362 U.S. at 265, note 1, 80 S.Ct. 725. (Emphasis supplied.)

appellant for possession of narcotics.[7] Appellant was searched and a bottle containing contraband drugs was found in his pocket.

No question was raised as to the validity of the arrest warrant or of the agents' right to arrest Townsley. The point appellant is seeking to raise is that while the search of the room was in progress he was effectively under arrest because, he proffered, he was told to sit in a chair and was not free to leave the premises.[8] However, the search of the motel room was valid as incident to Townsley's arrest and since a quantity of narcotics was discovered as a result of that search, probable cause then existed for appellant's arrest by the Metropolitan Police. Therefore, the subsequent search of his person was valid and the evidence obtained therefrom was properly admitted in evidence.

We find no error.

Affirmed.

---

7. Appellant was charged with possession of narcotics, narcotics vagrancy and possession of implements of crime. The latter two charges were dismissed on motion and appellant was convicted by a jury of narcotics possession.

8. The agents testified to the contrary.