**Elaine NICKS, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**No. 5333.**

District of Columbia Court of Appeals.

Argued Dec. 14, 1970.

Decided Feb. 3, 1971.

William A. Borders, Jr., Washington, D. C., for appellant. John A. Shorter, Jr., Washington, D. C., was on the brief for appellant.

Daniel J. Bernstein, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and Edwin K. Hall,

Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and PAIR and YEAGLEY, Associate Judges.

PAIR, Associate Judge:

On an information charging possession of narcotics in violation of D.C.Code 1967, § 33–402, appellant was, after trial by jury, convicted and sentenced to ninety days in jail. On appeal, the sole contention is that the trial court committed reversible error when it refused to exclude from the evidence six gelatin capsules containing heroin which were seized from appellant's closed hand. Finding no error affecting appellant's substantial rights, we affirm.

The facts which influenced the judgment of conviction are not in dispute. In execution of a search warrant at 1237 8th Street, N. W.[1] members of the Metropolitan Police Department knocked on the open front door, identified themselves as police officers, and announced that they were possessed of a warrant to search the premises for narcotics. Upon entering the hallway two of the officers observed, in the room to their left, appellant and a man seated on the side of a bed, and another man on a stepladder who appeared to be engaged in plastering. The attention of one of the officers was immediately attracted to one of appellant's hands which was tightly closed "as if she was concealing something," and he exclaimed "she has something in her hand." That officer then seized appellant's closed hand and, assisted by the other officer, forced the hand open and removed from it a brown paper packet of six gelatin capsules, later determined to contain heroin. Seized from beneath the bed upon which appellant was seated was a small red tin box of seven additional gela-

tin capsules, which were also determined to contain heroin.

At the trial, which was commenced many months after appellant's arrest, the court inquired as to whether there was any objection to the search warrant. Defense counsel thereupon represented to the court that a motion to suppress had been made and considered by another judge but "no ruling was made on it." The trial judge then afforded defense counsel an opportunity to make an appropriate motion ruling that any such motion must be filed before jeopardy attached.

Defense counsel did not at that time respond to the court's suggestion and the trial proceeded. At the close of the Government's case, defense counsel moved the court to suppress the evidence seized from appellant's hand on the ground that it was the product of an unconstitutional search and seizure. The trial court, consistent with GS Crim. Rule 41(e),[2] heard argument and then denied the motion as untimely. The court denied also a motion for a judgment of acquittal whereupon the case was, in due course, submitted to the jury which returned a verdict of guilty and this appeal followed.

■ The provisions of GS Crim. Rule 41(e) are clear and unambiguous. They require that any motion to suppress evidence be made in writing before trial "unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion." While the rule vests in the court discretion to entertain, at trial, such a motion, the exercise of that discretion does not constitute a waiver of authority conferred by GS Crim. Rule 47(e) to deny as untimely a motion to suppress made under the circumstances disclosed by this record. Hall v. United

---

1. In the testimony the premises is erroneously identified as 1237 H Street, N. W.

2. GS Crim. Rule 41(e) which is concerned in part with motions to suppress evidence provides:

> The motion shall be made in writing before trial, unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion at the trial.

States, D.C.App., 252 A.2d 894 (1969). And it is only when there has been the most° flagrant abuse of a defendant's rights that a court of appeals will review a trial court's discretionary denial, as untimely, of a motion to suppress evidence. United States v. Maloney, 402 F.2d 448 (1st Cir. 1968). *See also* United States v. Paradise, 334 F.2d 748, 749 (3d Cir. 1964).

In this case, almost nine months intervened between the seizure on July 16, 1969, of the evidence from appellant's hand and the trial on April 28, 1970. Appellant, however, made no showing of a lack of prior opportunity to make the motion or of any new ground for such a motion of which she was not previously aware. Notwithstanding, the trial judge afforded appellant an opportunity to move to suppress the evidence before the jury was sworn, but she declined to do so. We hold, therefore, that the trial judge did not abuse his discretion when he denied, as untimely, the motion to suppress the evidence seized from appellant's hand.

■ Appellant contends, however, that such evidence was the product of a search and seizure violative of her Fourth Amendment rights and should, for that reason, have been excluded from the evidence, even though she failed to move, timely, to suppress. Specifically, appellant contends that the police, upon entering the room in which she was observed seated on the bed, did not have probable cause to believe that she was engaged in any criminal activity; and that they first subjected her to an exploratory search and then placed her under arrest for possession of narcotics which they seized from her closed hand. This contention is clearly without substance. There is not a scintilla of evidence of any invasion of appellant's person beyond her closed hand, and it is undisputed in the evidence that the tin box containing narcotics was seized from beneath the bed upon which she was seated.

While the exact chronology of all that transpired after the officers entered the room is not too clear from the record, it is undisputed that they entered on the authority of a warrant to search the premises for narcotics. The crucial question, therefore, is whether the officers' action was justified at its inception and, if so, whether it was reasonably related in scope to the circumstances which justified the intrusion in the first place. *Cf.* Warden, Maryland Penitentiary v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967).

Because the warrant authorized a search of the premises for narcotics, we think it was not unreasonable for the officers, having observed appellant, to have supposed that at least some of the narcotics suspected to be on the premises was being secreted in her closed hand and was likely to be destroyed. Under such circumstances, the rule allowing contemporaneous searches is justified not only by the need to seize weapons which might be used to assault a police officer, Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), but also to prevent the destruction of evidence of crime, particularly where such evidence is believed to be on the person of the accused or under his immediate control. Preston v. United States, 376 U.S. 364, 367, 84 S.Ct. 881, 11 L.Ed.2d 777 (1963). See also Martone v. United States, 396 F. 2d 229 (1st Cir. 1968).

A somewhat similar factual situation was presented in Walker v. United States, 117 U.S.App.D.C. 151, 327 F.2d 597 (1963), cert. denied, 377 U.S. 956, 84 S.Ct. 1635, 12 L.Ed.2d 500 (1964), where it was held that a search warrant rationally comprehended within its provisions the right of the officer executing the warrant to seize from the hands of one of the occupants of the residence a wallet and bag containing narcotics. To hold otherwise, said the court:

* * * would be to suggest that a warrant to search premises may be frustrated by the device of simply picking up the guilty object and holding it in one's hand. No constitutional or statutory limitations that we know of require any such result.

To the same effect was Clay v. United States, 246 F.2d 298 (5th Cir.), cert. denied, 355 U.S. 863, 78 S.Ct. 96, 2 L.Ed.2d 69 (1957). There officers, possessed of a warrant to search a dwelling for evidence of gambling activity, observed the accused get out of an automobile carrying a brown paper bag which the officers suspected contained lottery tickets. The accused, seeing the officers, ran toward the dwelling, but the officers overtook him on the front porch, identified themselves and, in a struggle for the paper bag, it was torn and a smaller bag fell to the floor. One of the officers picked up the smaller bag and said, "This is it," and the accused was then searched and placed under arrest. At the hearing on a motion to suppress, it was urged that the evidence was seized from the accused without a warrant of arrest and without probable cause to believe that he was engaged in any gambling activity.

In rejecting this contention, the court said at page 304:

* * * It is quite clear that without reference to the legality of the arrest * * * the officers did have full authority under the search warrant to investigate the contents of the brown paper bag held in Clay's hand while on the front porch of the house. * * *

Here the special facts and circumstances shown by the record compel the conclusion that the seizure of narcotics from appellant's hand and from the box beneath the bed upon which she was seated was clearly within the scope of authority conferred by the search warrant. We hold, therefore, that the narcotics were properly received into evidence. Walker v. United States, *supra*; Clay v. United. States, *supra*. From which it must follow that the judgment of conviction is

Affirmed.