**UNITED STATES of America**

v.

**Mitchell ROTHBERG et al., Defendants.**

**No. 71–CR–164.**

United States District Court,
E. D. New York.

Nov. 30, 1972.

See also, D.C., 345 F.Supp. 1331.

Robert A. Morse, U. S. Atty., E. D. N. Y., for plaintiff; Guy Heinemann, Asst. U. S. Atty., of counsel.

Michael Metzger, San Francisco, Cal., for defendant Mitchell Rothberg.

Maurice Brill, New York City, for defendant William F. Wilson.

Ivan Fisher and Michael J. Gillen, New York City, for defendant Gary Brittman.

BARTELS, District Judge.

Defendants Rothberg, Wilson, and Brittman have been indicted for transporting, concealing and selling marihuana, in violation of 21 U.S.C. § 176a. The term "marihuana" as used in that section, is defined in 26 U.S.C. § 4761 (Internal Revenue Code) as " . . . all parts of the plant *Cannabis sativa L.* . . . ." Defendants contend that the Government must prove beyond a reasonable doubt that the specific subject matter of the indictment was Cannabis sativa L. and that, as a matter of law, this will be impossible because what the defendants imported into the United States came from Afghanistan and was Cannabis indica Lam. Accordingly, they made an offer of proof to establish that genus Cannabis is polytypic (having more than one species) and that Cannabis indica, being a separate species, fell without the statutory definition. It is the defendants' position that if, after viewing the proof offered, the court

were to find that Cannabis indica was a species separate from Cannabis sativa, the evidence examined by the court would be submitted before the jury and a motion to acquit would thereafter be made pursuant to Rule 29 of the Federal Rules of Criminal Procedure.

The Government moved to reject the offer of proof, and to strike any expert testimony relating to the mono- or polytypic nature of Cannabis, contending (1) that the meaning of "Cannabis sativa L." as it is used in 26 U.S.C. § 4761, is clear, in that Congress intended to include in the definition all forms of Cannabis, not excluding Cannabis indica, wherever grown and however typed by professional taxonomists, and (2) that in all events Cannabis sativa L. is and always was a monotypic species.

To establish that there are at least two scientific and recognizable species in the genus Cannabis (sativa L. and indica Lam.) which are morphologically distinct in growth habit, form, and other attributes, defendants tendered the testimony of Dr. R. E. Schultes, Professor of Biology and Director of the Botanical Museum at Harvard University, and Dr. William Klein, Jr., Assistant Director of the Missouri Botanical Gardens.[1] In essence, they testified that from their studies of the genus Cannabis in its natural habitat in Afghanistan and in experimental sites in Mississippi, and from an examination of all botanical taxonomic literature treating the nature of the Cannabis plant, it was their conclusion that genus Cannabis was polytypic with three recognizable separate species, C. sativa L., C. indica Lam., and C. Ruderalis Jan., and that the Cannabis coming from Afghanistan (the place of origin alleged by the Government in this case) was C. indica Lam. and not C. sativa L.[2] Both admitted, however, that when Congress enacted 26 U.S.C. §§ 4741 and 4742 (predecessors of the present statute), containing the definition of marihuana as Cannabis sativa L., it was the generally accepted opinion among botanical taxonomists in the English speaking world that Cannabis sativa L. was monotypic, that Cannabis indica was simply a part or variety of Cannabis sativa, and that moreover such is the generally accepted opinion of botanists and taxonomists in America today. Indeed, both experts testified that they themselves had subscribed to this opinion although with some doubts up until they travelled to Afghanistan for a field study of the Cannabis in 1971 at the instance and expense of counsel for the defendants in United States v. Honeyman, N.D.Cal.Cr. 71–1035, September, 1972, who is also counsel for defendant Rothberg in the present case.

The Government's position is simply the opposite. It contends that Cannabis sativa is monotypic and that Cannabis indica is only a part or variety of the species and not a separate species. In support of its position the Government offered the testimony of Dr. Ernest Small, a botanical taxonomist associated with the Canadian Department of Agriculture. Dr. Small testified that under the criteria of both biological and morphological[3] schools of thought, Can-

---

1. Professor Schultes and Dr. Klein both testified at the trial of United States v. Holleman, Honeyman, Reed, No. 71–1035 RHS, before the United States District Court in San Francisco, which testimony has been made part of the official record in this case.

2. Schultes and Klein contended that the morphology (size, shape, form) of the plants differed in that Cannabis sativa L. is composed of very narrow leaflets with fine saw-toothed edges, that its branching is loose, and that it is much larger in height than Cannabis indica, which they claimed, was extremely compact and bunched together, had coarser and broader leaflets and deeper veins. But see Leary v. United States, 395 U.S. 6, 50, and n. 106, 89 S.Ct. 1532, 1555, 23 L.Ed.2d 57 (1969), where Mr. Justice Harlan, in referring to Dr. Schultes' testimony, said: " . . . As for appearance, it seems that there is only one species of marihuana, and that even experts are unable to tell by eye where a particular sample was grown. . . . "

3. The "biological species" school of thought defines a species as group or assemblage

nabis indica was not a separate species of the genus Cannabis sativa.[4] It was his opinion that in 1937 (the year of the enactment) Cannabis was thought to be a monotypic species by botanists in the English speaking world. He agreed that the subject matter is a somewhat subjective and arbitrary art, and that taxonomists frequently change their judgments about the classification of species.

In this battle of experts the court felt compelled to call its own witness and did so by calling Dr. Arthur Cronquist, Director of Botany of the New York Botanical Gardens and the author of many texts upon botanical subjects. Dr. Cronquist questioned the reliability of the Russian botanists, Zhukovski, Vavilov, and Janischevsky, and the French botanist, Lamarck, upon whom both Dr. Schultes and Dr. Klein heavily relied in reaching their conclusion, and categorically disagreed with both Dr. Schultes and Dr. Klein, concluding unequivocally that there was only one species of Cannabis, and that the experts have not found any taxonomical difference between sativa and indica but only variations which in such a wide species as Cannabis were taxonomically insignificant. He subscribed to the conclusion of all the other experts that in 1937 the general consensus of opinion among botanical taxonomists was that Cannabis was monotypic.

The crux of the dispute is the meaning of Cannabis sativa L. as used in the statute when enacted by Congress in 1937. At that time there were hearings before the House Committee on Ways and Means at which the Commissioner of Narcotics, Dr. H. J. Anslinger, testified that Cannabis indica was the same drug as Cannabis sativa but was known in different countries by different names "in accordance with the geographical origin of the particular plant." Dr. Lyster H. Dewey, a botanist in charge of fibers at the Department of Agriculture, also testified, among other things, that:

> "There are different botanists who have seen the different forms of the plant and have given it different names, so far as its identity is concerned. For instance, the plant in India was very excellently described by Lamark in 1788 under the name of 'cannabis sativa.' [sic (indicia)]. That was the name they gave to India hemp in the primitive days and down to comparatively recent time. Until I got some seed from India and grew them I had supposed that was a different species. I grew them in comparison with the Kentucky hemp with which you are all familiar, but in a year or two they were just alike. There was no specific difference. So it is with the other forms that have been described as different species. So there is only one species known as hemp."

From the hearing before a Subcommittee of the Committee on Finance, U. S. Senate, 75th Cong. 1st Sess. (H.R. 6906), the following appears:

> "As used in the bill (H.R. 6906) the term 'marihuana' is synonymous with true hemp, the scientific name of which is cannabis sativa L. The chemical substance found in hemp which produces the narcotic effect has been officially termed 'cannabis indica,' and is known throughout the

of actually or potentially interbreeding organisms which are reproductively isolated from other interbreeding organisms. The "morphological school" of thought defines a species as a geographically distinctive assemblage of organisms which are morphologically distinctive. Botanical taxonomists use either or both approaches, depending on varying scientific philosophies, in categorizing various species.

4. Dr. Small contended that his examination of the Cannabis plant indicated that all populations of Cannabis are reproductively continuous, i. e., they all interbreed. He also indicated that the morphological distinctions between indica and sativa L. were too minor to justify a separate species classification.

world as cannabis indica. Since botanists now recognize hemp as consisting of only one specie, the term 'indica' should be discontinued; thus in referring to hemp in a narcotic sense, the term 'cannabis' is most appropriate and more universally understood. (Matt Rens, Rens Hemp Co., Brandon, Wisc.) *supra*, p. 23."

In short, it is manifest that at the time of the enactment of 21 U.S.C. § 176a and 26 U.S.C. § 4761, Congress not only meant to but actually did include Cannabis indica in using the term "Cannabis sativa L."[5] The question here is not one of substituting the court's' interpretation or construction of a statute to vary the clear meaning of the words as suggested by the defendants, citing Helvering v. City Bank Farmers, 296 U.S. 85, 56 S.Ct. 70, 80 L.Ed. 62 (1935); Fisher Flouring Mills Co. v. United States, 270 F.2d 27 (9th Cir. 1958). On the contrary, although the phrase is a botanical one, it is a phrase whose meaning was clearly understood by Congress at the time of the enactment of the statute. This appears from the legislative history and the testimony adduced before this court. At the time of the enactment of the statute there was no doubt as to what the term "Cannabis sativa L." meant, according to the consensus of botanical opinion.

Accordingly, this court rejects the defendants' offer of proof and will exclude the introduction of any expert testimony before the jury concerning the mono- or polytypic nature of Cannabis sativa L. This is wholly consistent with prior judicial adjudications. See Leary v. United States, 395 U.S. 6, 50, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969); United States v. Moore, 330 F.Supp. 684 (E.D.Pa.1970), aff'd, 446 F.2d 448 (3d Cir. 1971); United States v. Adams, 293 F.Supp. 776 (S.D.N.Y.1968).

5. See Hearings before the Committee on Ways and Means, House of Representatives, 75th Cong. 1st Sess. (H.R. 6385); Hearings before a Subcommittee of the Committee on Finance, U.S. Senate, 75th Cong. 1st Sess. (H.R. 6906). In 1956, when Section 176a of Title 21, U.S.Code, was enacted, neither the legal nor botanical meaning of the term had changed.