UNITED STATES, Appellant,

v.

James R. GRAVES and Leonard F.
Goldston, Appellees.

No. 7295.

District of Columbia Court of Appeals.

Argued Sept. 12, 1973.

Decided Feb. 18, 1974.

Rehearing en Banc Denied March 7, 1974.

William M. Brodsky, Asst. U. S. Atty.,
with whom Harold H. Titus, Jr., U. S.
Atty., John A. Terry and Nicholas Gilman,
Asst. U. S. Attys., were on the brief, for
appellant.

William J. Garber, Washington, D. C.,
for appellees.

Before FICKLING, YEAGLEY and
HARRIS, Associate Judges.

YEAGLEY, Associate Judge:

This appeal is from an order suppressing
gambling paraphernalia and money seized
from appellees' possession during the exe-
cution of a search warrant. The warrant
was issued for the entire premises of the
first floor of 1411 S Street, N. W., known
as the "Gal's and Mr. G. Delicatessen". It
was based on information supplied to an
officer by an informant who, according to
the officer, "has been reliable on three sep-
arate occasions". The affidavit further
stated there was a record of a previous
warrant having issued for the same ad-
dress in 1970, and that the officer had sent
the informant into the establishment on
three separate occasions for the purpose of
placing bets. The warrant authorized the
search of those premises in the daytime
"within 10 days of the date of issuance of
this warrant" for "Numbering Slips, Cut
Cards and other related gambling para-
phernalia".

The evidence at the suppression hearing
reflected that eight days after the warrant
was issued a telephone tip was received
alerting the officers that the warrant
should be served promptly as "the people
were inside that had the numbers slips on

them". This call was from the same informant who had furnished the information set forth in the affidavit supporting the warrant.

The police proceeded at once to serve the warrant and found five or six persons on the premises [1] when they arrived. One man, later identified as appellee Goldston, was behind the counter, and the four or five remaining persons were in an open area to the left of the counter. A small paper bag, apparently in plain view, was examined and found to contain $29.20 in change and a quantity of suspected numbers slips. Searches were conducted of the persons present. One hundred and nine dollars in bills was found on Mr. Goldston's person. Suspected numbers slips were found secreted in the left sock and in the shoes of appellee Graves.

The trial court granted both defendants' motions to suppress such evidence. As to Mr. Graves, the court ruled that an insufficient nexus had been established between him and illegal gambling activity to warrant a search of his person. With respect to Mr. Goldston, the court suppressed the items seized on the sole ground that the police had permitted eight days to elapse before executing the warrant. We reverse.

■ Our Code specifically provides that a warrant for local gambling offenses may be executed at any time within ten days after issuance. D.C.Code 1973, § 23–523(a); Super.Ct.Cr.R. 41(e)(1).[2] *See* Sgro v. United States, 287 U.S. 206, 53 S.Ct. 138, 77 L.Ed. 260 (1932). That "is the prescribed period during which the circumstances existing when [the warrant] issued can be supposed to continue." *Id.* at 216, 53 S.Ct. at 142 (McReynolds, J., concurring). Further, the subsequent tip on the day of execution verified that there was

still probable cause to believe that an illegal lottery was being conducted by persons on the premises and that evidence of the lottery would be found there. Appellees made neither a claim nor a showing of prejudice from the delay. In fact, appellees did not, in their motion, assert or rely on delay as a ground for suppression, nor did they advance the argument at the hearing until urged to do so by the court. Under similar circumstances this court has said:

> Since delay within the ten-day limitation does not, standing alone, vitiate the warrant, we hold on this record there is no showing that execution of the warrant was invalid. [Johnson v. United States, D.C.App., 255 A.2d 494, 495 (1969).]

As the officers entered the rather small premises, they had reason to believe that the man behind the counter, appellee Goldston, was operating a lottery, and that the other persons present were participants in the numbers game, because Sergeant Maiorca had just been alerted by the informant that "the people were inside that had the numbers slips on them".

D.C.Code 1973, § 23–524(g) provides:

> An officer executing a warrant directing a search of premises or a vehicle *may search any person therein* (1) to the extent reasonably necessary to protect himself or others from the use of any weapon which may be concealed upon the person, or (2) *to the extent reasonably necessary to find property enumerated in the warrant which may be concealed upon the person.* (Emphasis added.)

■ In light of the Code provision, and of the decision in United States v. Miller, D.C.App., 298 A.2d 34 (1972), upholding a

---

1. Sergeant Maiorca described the premises involved as "a small [delicatessen-grocery] store. I'd say maybe 30 by 30 [feet] square."

2. D.C.Code 1973, § 23–523(a) provides:
   A search warrant shall not be executed more than ten days after the date of issuance

and shall be returned to the court after its execution or expiration in accordance with section 23–521(f)(7).
Super.Cr.R. 41(e)(1) provides:
A search warrant shall not be executed more than 10 days after the date of issuance.
. . .

similar search, the officers had sufficient grounds to search the few individuals present when the warrant was executed. *See also* Clay v. United States, 246 F.2d 298 (5th Cir.), cert. denied, 355 U.S. 863, 78 S.Ct. 96, 2 L.Ed.2d 69 (1957).

In view of the information received by the officers from an informant whose information had proved reliable, we conclude that in acting under the authority of a valid search warrant and with a last minute tip that the people were inside who "had the numbers slips on them", the officers acted reasonably in searching the persons whom they found inside. We do not believe on these facts that a suspect should be allowed to circumvent a warrant to search premises by the simple device of picking up the illegal object and holding it in his hand or by placing it in his sock. We know of no rule of law that requires such a result.

There are obviously reasonable limitations on the authority to search persons present on premises being searched pursuant to a search warrant. We do not suggest that D.C.Code 1973, § 23–524(g) would, for example, authorize the search of a large number of persons present in a supermarket or other such store when there was no reason to link them to the objects of the search. Although it could be argued that persons present in the customer area of a store are presumptively customers, here the informant's report could be reasonable taken as meaning that the people inside were participants. Contrariwise, there is no indication in this record that any of the people present had been in the delicatessen to shop. It has been said that "[s]o long as there is good reason to suspect or believe that anyone present at the anticipated scene will probably be a participant [in illegal gambling], presence becomes the descriptive fact satisfying the aim of the Fourth Amendment. . . ."

State v. De Simone, 60 N.J. 319, 320, 288 A.2d 849, 850 (1972). The police in the case at bar had reason to believe that a numbers lottery was at that moment being conducted inside the delicatessen at 1411 S Street, N. W., and that the people present in that establishment would have easily concealable and destroyable numbers slips in their possession. The D.C.Code authorizes such a search and under the circumstances it was not unreasonable under the Fourth Amendment. The motions court erred as a matter of law in granting the motion to suppress.[3] The order accordingly is

Reversed.

---

3. The trial court expressed some doubt as to the sufficiency of the affidavit in support of the search warrant but did not specifically rule on that question. Appellees now contend the affidavit was not sufficient. However, in the posture of this appeal, such a question is not properly before us.