UNITED STATES, Appellant,

v.

Vernon Hubert JOHNSON, Appellee.

UNITED STATES, Appellant,

v.

Herman L. McRAE, Appellee.

UNITED STATES, Appellant,

v.

Dennis MATUSZEZAK, Appellee.

UNITED STATES, Appellant,

v.

Donald E. JACKSON, Appellee.

Nos. 8649, 8650, 8653 and 8654.

District of Columbia Court of Appeals.

Argued Jan. 15, 1975.

Decided March 5, 1975.

Jeffrey T. Demerath, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., John A. Terry, James F. McMullin, Daniel A. DeRose and Bernard J. Panetta, II, Asst. U. S. Attys., were on the brief, for appellant.

David Carey Woll, Rockville, Md., entered an appearance for appellee Johnson in No. 8649.

O. B. Parker, Washington, D. C., was on the brief for appellee Matuszezak in No. 8653.

Michael Rudolph, Washington, D. C., appointed by this court, was on the brief for appellee Jackson in No. 8654.

Before KERN and NEBEKER, Associate Judges, and QUINN, Associate Judge, Retired.

PER CURIAM:

The trial judge upon motion dismissed informations charging each of the appellees with possession of marijuana in violation of D.C.Code 1973, § 33–402(a). This section of our Code proscribes possession of "any narcotic drug", which term is defined in D.C.Code 1973, § 33–401(n) to in-

clude "cannabis", and, in turn, "cannabis" is defined as follows:

> *"Cannabis" includes all parts of the plant Cannabis sativa L., whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds, or resin, including specifically the drugs known as American hemp, marihuana, Indian hemp, or hasheesh, as used in cigarettes or in any other articles, compounds, mixtures, preparations, or products whatsoever . . . .* (D.C.Code 1973, § 33–401(m).) (Emphasis added.)

The trial court appears to have reasoned that in 1938 at the time Congress enacted the legislation described above, (a) it was well known that there were *several species* of the cannabis plant, (b) Cannabis sativa L. was but *one* of *these* species, and (c) under the familiar rule of statutory construction, "Expressio unius est exclusio alterius", when Congress made possession of *only* that particular species unlawful it was deliberately excluding from the statute's reach possession of *all other species* of cannabis.

In sum, it seems to have been the trial court's view that Congress intended that possession within the District of the one kind of cannabis, *viz.*, Cannabis sativa L., be unlawful but that possession of any of the other species of cannabis be lawful.

Since the government neither alleged in the information nor offered to prove at trial that appellees possessed Cannabis sativa L., the court concluded the informations must be dismissed.[1]

Much the same argument which persuaded the trial court and is now pressed upon this court in these cases has been made in various jurisdictions, both federal and state, and uniformly rejected by appellate courts. *See* Walton v. United States (D.C.Cir., No. 74–1790, Jan. 23, 1975, slip op. at 6, n. 12).[2] After reviewing these decisions and the legislative history we are disinclined to become now the minority of one appellate court to accept the so-called "species" argument. Whatever botanists may conclude *today* concerning whether cannabis is or is not a monotypic genus and what are or are not its various species—a matter of botanical dispute well-nigh constituting a modern day War of Roses[3]— and however much the witnesses testifying in 1937 before the Congressional committees may have used interchangeably differing terms to describe the cannabis plant, we are of the view that the Congress of the United States did not intend to carve out one particular species of cannabis, Cannabis sativa L., and declare it contraband and legalize the possession in the District of Columbia of all other species if any, of cannabis.[4] Rather, the legislative history makes clear that (a) there was a Congressional concern over the effect on humans of a chemical (THC) contained in

---

1. The trial court also rested its dismissal of the informations on Eighth Amendment grounds but such reason appears to be inadequate to support its action in light of this court's decision in United States v. Thorne, D.C.App., 325 A.2d 764 (1974).

2. While this decision and the other federal court decisions dealt with federal legislation, that particular legislation employs definitions identical to those used in the D.C.Code upon which the informations are based and was first enacted one year prior to the legislation by Congress for the District here under review. It seems appropriate, therefore, to rely upon the legislative history of the federal act

in determining what Congress intended by its subsequent enactment for the District of Columbia.

3. *See* United States v. Rothberg, 351 F.Supp. 1115, 1116–17 (E.D.N.Y.1972).

4. We note that as early as 1906 the Congress deemed Cannabis Indica, by which name the plant is known in some parts of the world, as "poison" and outlawed its distribution. Act of May 7, 1906, ch. 2084, § 13, 34 Stat. 175, 180. It defies reason to believe that in 1938 Congress had become convinced that this kind of cannabis was no longer harmful and only Cannabis sativa L. was.

and extractable from the cannabis plant and (b) a Congressional determination to ban *its* manufacture, use and possession. Accordingly, the orders of dismissal must be and are

Reversed.