Arthur L. THOMAS, Appellant,

v.

UNITED STATES, Appellee.

No. 9760.

District of Columbia Court of Appeals.

Argued Jan. 20, 1976.

Decided Feb. 24, 1976.

Alan B. Soschin, Washington, D. C., appointed by this court, for appellant.

John L. Kern, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., Washington, D. C., John A. Terry, Washington, D. C., William D. Pease and Mary E. Abrecht, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before KERN and YEAGLEY, Associate Judges, and PAIR, Associate Judge, Retired.

PER CURIAM:

Appellant was searched by a police officer on May 2, 1975, during the execution of a search warrant for the premises of 1440 Swann Street, N.W. Appellant was neither named nor described in the warrant or the affidavit supporting the warrant. The officer found what he suspected to be marijuana in appellant's possession, and appellant was arrested and charged with violation of the Uniform Narcotic Drug Act, D.C.Code 1973, §§ 33–401, –402. He was found guilty of that offense in a non-jury trial on June 30, 1975, and appeals from that conviction, arguing (1) that the police did not have probable cause to search him and (2) that the trial court erroneously denied his motion for judgment of acquittal. We affirm.

Appellant, relying on the Supreme Court's decision in *United States v. Di Re,* 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1948), argues that the arresting officers were not justified in searching his person merely because he was present on the premises that were the subject of a search warrant. In *Di Re,* an informant told the police that the driver of a car possessed counterfeit gasoline ration coupons, but made no mention of appellant, the passenger, who was also arrested and searched. *Id.* at 583, 68 S.Ct. 222. The Court concluded that the right to search the car and driver without a warrant did not confer on the police the right to search the passenger merely because of his presence. *Id.* at 587, 68 S.Ct. 222.

 In the instant case, however, there was more than appellant's presence on the premises to justify a search of his person. The informant here had told the police that a younger and an older man were selling narcotics on the premises of 1440 Swann Street,[1] and the arresting officer stated that "I felt that this was the older man that we were looking for." Furthermore, D.C.Code 1973, § 23–524(g) allows an officer executing a search warrant to search any person on the premises "to the extent reasonably necessary to find property enumerated in the warrant which may be concealed upon the person." The warrant here authorized the police to search for narcotics, which clearly are easily concealable upon the person. The possibility that evidence may be lost or destroyed has long been considered an exigent circumstance allowing a warrantless search. *See Schmerber v. California,* 384 U.S. 757, 770–71, 86 S.Ct. 1826, 16 L. Ed.2d 908 (1966); *Preston v. United States,* 376 U.S. 364, 367, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964).

 These two additional articulable factors are sufficient in this case to provide the arresting officer with probable cause to search appellant. *See United States v. Graves,* D.C.App., 315 A.2d 559 (1974); *Nicks v. United States,* D.C.App., 273 A.2d 256 (1971). The officer had good cause to believe that evidence might be concealed on appellant since appellant

1. The fact that the description of this older man was not included in the warrant or the supporting affidavit is irrelevant, since the officer himself had this information, and we must determine the validity of this warrantless search based on the existence of probable cause in the eyes of the officer. *See Chambers v. Maroney,* 399 U.S. 42, 51, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *Warden v. Hayden,* 387 U.S. 294, 298–99, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967).

met the informant's description of one of the sellers of narcotics, and since narcotics generally are easily concealed in clothing or on the person and also are easily disposed of or destroyed. *See United States v. Miller,* D.C.App., 298 A.2d 34 (1972); *Nicks v. United States, supra; cf. Preston v. United States, supra.*

Appellant also argues that the trial court should have granted his motion for judgment of acquittal since there was a failure on the part of the government to prove that the marijuana possessed by appellant was from a part of the plant proscribed by Congress under D.C.Code 1973, §§ 33–401 and –402. Section 33–401(m) specifically excludes certain parts of the marijuana plant, such as the stalk and fiber, from the definition of "cannabis." The government's expert witness, however, testified only that over 50 percent of the substance seized from appellant was marijuana containing the characteristic compounds tetrahydrocannabinol, cannabinol and cannabidiol.

The legislative history of the Federal Narcotics Act, 21 U.S.C. § 802(15) (1970) indicates that "the definition of marijuana was intended to include those parts of marijuana which contain THC [tetrahydrocannabinol] and to exclude those parts which do not." *United States v. Walton,* 168 U.S.App.D.C. 305, 514 F.2d 201, 203 (1975); *see* H.R.Rep. No. 792, 75th Cong., 1st Sess. 3–4 (1937), S.Rep. No. 900, 75th Cong., 1st Sess. 4 (1937). This federal statute is substantially identical to D.C. Code 1973, § 33–401(m) and was first enacted one year prior to the District of Columbia statute, so we find it appropriate "to rely upon the legislative history of the federal act in determining what Congress intended by its subsequent enactment for the District of Columbia." *United States v. Johnson,* D.C.App., 333 A.2d 393, 394 n. 2 (1975).

■■ We conclude that, like the federal statute, sections 33–401 and –402 prohibit possession only of those parts of a marijuana plant containing tetrahydrocannabinol. Since the government's expert witness testified at trial that the substance taken from appellant contained tetrahydrocannabinol, it is clear that the government met its burden of proving that appellant possessed the part of a marijuana plant prohibited by sections 33–401 and –402.

*Affirmed.*