**UNITED STATES v. WILLIAMS.**

**No. 11709.**

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 6, 1953.

Decided Oct. 29, 1953.

Mr. E. Riley Casey, Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., and William J. Peck, Asst. U. S. Atty., were on the brief, for appellant. Messrs. Charles M. Irelan, U. S. Atty., and William R. Glendon and William E. Kirk, Jr., Asst. U. S. Attys., at the time the record was filed, also entered appearances for appellant.

Mr. DeLong Harris, Washington, D. C., with whom Mr. Curtis P. Mitchell, Washington, D. C., was on the brief, for appellee.

Before CLARK, WILBUR K. MILLER and FAHY, Circuit Judges.

FAHY, Circuit Judge.

On application of the United States we allowed this appeal from a judgment of the Municipal Court of Appeals[1] reversing a judgment of the Municipal Court whereby the appellee Williams, convicted in a jury trial, had been sentenced for violation of § 33–416, D.C. Code (1951). This statute reads as follows:

"Any store, shop, warehouse, dwelling-house, building, vehicle, boat, aircraft, or any place whatever, which is resorted to by narcotic drug addicts for the purpose of using narcotic drugs or which is used for the illegal keeping or selling of the same, shall be deemed a common nuisance. No person shall keep or maintain such a common nuisance."

The penalty for keeping or maintaining such a common nuisance is prescribed in § 33–423.[2]

In the trial court the Government introduced evidence that the defendant was the tenant of a certain basement apartment in Washington. An officer testified that he had gone to the apartment on

---

1. Rule 1 of the Rules of the United States Court of Appeals for the District of Columbia Governing review of cases from the Municipal Court of Appeals for the District of Columbia, 75 U.S.App.D.C. 415, 418. See § 11–773, D.C.Code (1951).
   The opinion of the Municipal Court of Appeals is reported at 94 A.2d 473.

2. "Any person violating any provision of this chapter, or of any regulation made by the Board of Pharmacy under author-ity of said sections, shall upon conviction be punished, for the first offense, by a fine of not less than $100 nor more than $1,000, or by imprisonment for not exceeding one year, or by both such fine and imprisonment, and for any subsequent offense by a fine of not less than $500 nor more than $5,000, or by imprisonment for not exceeding ten years, or by both such fine and imprisonment."

three occasions, on two of which he had purchased "two capsules" and on the third of which he had participated in a raid; that at the raid the officers found several persons in the living room of the apartment; that a search of these persons and of the apartment produced two hypodermic needles, a syringe, stockings, a spoon known as a "cooker", and, on a bed under the corner of the bedspread "a plastic vial containing thirty-six capsules"; and that the defendant was not at the premises on any of the three occasions. Another officer testified that the persons in the apartment at the time of the raid were known to him as drug addicts and that he had seen drug addicts there at a prior time.

The Municipal Court of Appeals held that the defendant's motion for judgment of acquittal should have been granted. The basis for this ruling was that "as there was no testimony that narcotic drugs were or had been kept on the premises", the Government had failed to show that the addicts were in the apartment for the purpose of using such drugs. It was thought that the presence of narcotic drugs at one time or another is an essential element of the crime and must be proved. The court pointed out that notwithstanding testimony regarding the presence of capsules and their purchase, there was no attempt to show, by any chemist or other expert testimony, that the capsules contained any drug content, nor was any narcotic itself introduced in evidence and identified with defendant.

The turning point of the decision below, then, is that in order to prove the crime of keeping or maintaining this sort of common nuisance, that is, a place which is resorted to by narcotic drug addicts for the purpose of using narcotic drugs,[3] it must be shown that such drugs were or had been kept on the premises,

and this was not done. But the statute does not so provide and we do not think this requirement must be read into it by implication. A place may be one to which addicts resort for the purpose of using drugs though the presence of drugs is not shown. Of course drugs ordinarily would be present in such a resort, or on persons there. Proof of this would strengthen the prosecution's case. But that the place is one to which addicts come to use narcotics is capable of being shown by other facts and circumstances. It is a permissible inference, for example, that a gathering of drug addicts, with their paraphernalia designed for the use of drugs, at a place where known addicts come from time to time, is for the purpose of using drugs. The inference is of course not a necessary one. But we are unable to agree that the absence of proof of the presence of drugs requires acquittal as matter of law. The accusation is not the use of drugs but of keeping a place resorted to by addicts for the purpose of their use. This may be proved without necessarily establishing affirmatively that the purpose could be successfully carried out at a particular time.[4] We must not confuse evidence which would aid in obtaining a conviction with the constituent elements of the crime itself. To do so would in effect rewrite the statute to cover the crime condemned only if it were proved in a certain manner.

A number of other grounds are presented by the accused as justification for holding that his conviction was erroneous and, therefore, its reversal by the court below should in any event be upheld. But we brought the case here to review the question decided below which we have discussed. In the division of judicial responsibility it would be unwise for us to consider initially in this case, though we could do so, other errors as-

---

3. On the appeal in this court the Government takes the position that it was not entitled to a conviction under the provisions of the statute applicable to premises used for the illegal keeping or selling of narcotic drugs.

4. It was not shown that drugs were not or had not been on the premises. There was simply a lack of sufficient proof that they had been or were present; that is, that the "capsules" had narcotic drug content.

signed in the Municipal Court of Appeals and not passed upon by that court. All questions other than the one disposed of remain open for its consideration.

Reversed and remanded for further proceedings consistent with this opinion.