**WILLIAMS v. UNITED STATES.**

No. 1280.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 30, 1953.

Decided Jan. 5, 1954.

De Long Harris, Washington, D. C., Curtis P. Mitchell, Washington, D. C., on the brief, for appellant.

E. Riley Casey, Asst. U. S. Atty., Washington, D. C., with whom Leo A. Rover, U. S. Atty., Lewis A. Carroll and Kitty Blair Frank, Asst. U. S. Attys., Washington, D. C., on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant was convicted of violation of Code 1951, 33–416, which provides:

"Any store, shop, warehouse, dwelling-house, building, vehicle, boat, aircraft, or any place whatever, which is resorted to by narcotic drug addicts for the purpose of using narcotic drugs or which is used for the illegal keeping or selling of the same, shall be deemed a common nuisance. No person shall keep or maintain such a common nuisance."

We reversed the conviction on the ground that there was no evidence that narcotic drugs were or had been kept on the premises. Williams v. United States, D.C. Mun.App., 94 A.2d 473. The United States Court of Appeals allowed an appeal and reversed our judgment, holding that: "A place may be one to which addicts resort for the purpose of using drugs though the presence of drugs is not shown." United States v. Williams, D.C.Cir., —— F.2d ——. The case was remanded to us to consider other errors assigned but not previously considered by us and we have reheard arguments on such errors.

It will be observed that the statute makes it a nuisance to keep or maintain a place (1) which is resorted to by narcotic drug addicts for the purpose of using narcotic drugs or (2) which is used for the illegal

keeping or selling of the same. The opinion of the United States Court of Appeals dealt only with the provision relating to a place resorted to by addicts for the use of narcotics, because in that court the Government took the position it was not entitled to a conviction under the provision applicable to premises used for the illegal keeping or selling of narcotic drugs.[1] In its brief in the United States Court of Appeals the Government stated: "During the trial, the government agreed that it was not proceeding under the latter part of the statute but was relying solely upon the former part, i. e., maintaining a place which was resorted to by narcotic drug addicts for the purpose of using narcotic drugs." If this was the agreement of the Government at trial (and the record is not clear on this point) the Government completely ignored its agreement. The prosecutor in argument to the jury made the following statements:

"The proof offered to you by the Government proves beyond a reasonable doubt both sections of this charge. The proof indicates that Allen Williams kept the premises that was resorted to by narcotic drug addicts for the purpose of using narcotic drugs, and the proof also indicates that this premises was kept or was used for the illegal keeping or selling of the same.

\* \* \* \* \* \*

"Ladies and gentlemen of the jury, the evidence points but to one conclusion: that this man, Allen Williams, had a dope pad; that it was a place where his narcotic friends could come and use dope and buy dope; and that it was a place where he kept dope and where he sold it."

And in reply to defendant's argument the prosecutor said to the jury:

"Defense counsel also says there is no testimony here that Allen Williams sold this heroin on these dates. And I agree with him. There isn't. If there were, Allen Williams wouldn't be charged with this crime. We do not allege that he was the one who actually made the sale. We say that he kept it there and that it was his place and that he kept it there to sell it, and that is the testimony."

Thus it is clear that the jury were urged by the prosecuting attorney (and they were not otherwise instructed by the court) to find appellant guilty of keeping or maintaining a place used for the illegal keeping or selling of narcotic drugs. But the Government has now conceded that the evidence would not support such a finding. We agree because, as we pointed out in our previous opinion, there was no evidence in the case that narcotic drugs were or had been kept on the premises. And we note that the United States Court of Appeals made the following statement in footnote 4 of its opinion, —— F.2d ——:

"It was not shown that drugs were not or had not been on the premises. There was simply a lack of sufficient proof that they had been or were present; that is, that the 'capsules' had narcotic drug content."

■ Accordingly, we understand that there may be a conviction of keeping a place which is resorted to by narcotic drug addicts for the purpose of using narcotic drugs without proof that such drugs were or had been kept on the premises, but that there can be no conviction of keeping a place which is used for the illegal keeping or selling of such drugs without proof that such drugs were or had been kept on the premises.

■ The prosecuting attorney told the jury that appellant was guilty of violating both provisions of the statute. The trial court in effect approved this argument because in its charge it read the entire statute to the jury and made no attempt to explain the two features of the statute or to differentiate them or the proof required under them. The jury were lead to believe that they might find appellant guilty of violating either or both provisions of the statute. It cannot be determined with any degree of certainty whether the verdict of guilty was

---

1. See footnote 3 of U. S. Court of Appeals opinion, —— F.2d ——.

based on that feature of the statute which had support in the evidence. or that feature which was unsupported by the evidence. Therefore the conviction cannot stand.

Reversed with instructions to grant a new trial.