Louis MARSHALL and Kenneth Watkins,
Appellants,

v.

UNITED STATES, Appellee.

Kenneth WATKINS, Appellant,

v.

UNITED STATES, Appellee.

Louis MARSHALL, Appellant,

v.

UNITED STATES, Appellee.

Nos. 4213–4215.

District of Columbia Court of Appeals.

Argued Jan. 30, 1967.

Decided April 28, 1967.

Daniel G. Grove, Washington, D. C., for appellants.

Theodore Wieseman, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and QUINN (Associate Judge, Retired).

PER CURIAM.

As a result of a police raid on an apartment, appellants, together with others, were arrested. After a jury trial, Watkins was convicted of narcotic vagrancy. D.C.Code § 33–416a (1961). Marshall was convicted of maintaining a common nuisance. D.C. Code § 33–416 (1961). Both were also convicted of possession of narcotics. D.C.Code § 33–402(a) (1961).

■ We ruled in Edelin v. United States, D.C.App., 227 A.2d 395, 399 (1967), that "where there is only a trace of a substance, a chemical constituent not quantitatively determined because of minuteness, and there is no additional proof of its usability as a narcotic, there can be no conviction under § 33–402(a)." The absence of any proof in the present record that appellants had in their possession more than a trace of heroin or that such trace could be used or dispensed as a narcotic requires reversal of their convictions for violation of § 33–402 (a).

■ To prove a violation of § 33–416, which makes it illegal for any person to maintain or keep any place resorted to by drug addicts for the purpose of using narcotic drugs or used for the illegal keeping or sale of the same, the government must show either (1) that addicts resort to such premises for the use of narcotics [1] or (2) that the premises are maintained or used for the illegal sale, use or possession of narcotics.[2] The presence of narcotics is not an essential element of this common nuisance offense when addicts are shown to frequent the premises for the purpose of using narcotics; but there can be no conviction for maintaining a place used for the illegal keeping or sale of narcotics without also showing that such drugs were or had been kept on the premises. An examination of the record before us fails to disclose evidence that the persons frequenting the premises involved here were in fact addicts or that there were found usable or salable narcotic drugs in such measurable quantity as required by our ruling in Edelin, which in our judgment is applicable to sustain a conviction under § 33–416.

■ The same rationale applies to appellant Watkins' conviction for narcotic vagrancy. A narcotic vagrant is defined, inter alia, as a person who uses narcotics or has been convicted of a narcotic offense and is found in any place in which illicit narcotic drugs are "kept, found, used, or dispensed." § 33–416a(b) (1) (B). Absent proof of contemporaneous use, a conviction under this provision necessitates an additional showing of the presence of a quantity of narcotics sufficient to be used or dispensed—not a mere immeasurable trace.

■ As there is no competent evidence in the record establishing the existence of such quantity of narcotics as to take the instant cases outside the ambit of our ruling in Edelin, the four convictions before

1. United States v. Williams, 93 U.S.App. D.C. 120, 210 F.2d 687 (1953). See also O'Neal v. United States, D.C.Mun.App., 105 A.2d 739 (1954), aff'd, 95 U.S.App. D.C. 386, 222 F.2d 411 (1955).

2. Williams v. United States, D.C.Mun.App., 101 A.2d 843 (1954).

us must be reversed. We do not remand for a new trial as there is no showing that the government has additional proof that the actual amounts involved were more than mere traces which were actually usable or salable as narcotics.

We do not find it necessary to reach the question of whether the mandate of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), was properly followed in giving Marshall the required warning, although it would appear that the government has conceded that appellant was only partially informed of his Constitutional rights at the time of his arrest.

Reversed with directions to enter judgments of acquittal.