**Louis Edward GANTT, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**No. 5189.**

District of Columbia Court of Appeals.

Argued April 28, 1970.

Decided June 26, 1970.

---

Jack Koppelman, appointed by this court, for appellant.

John R. Dugan, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and Kenneth M. Robinson, Asst. U. S. Attys., were on the brief, for appellee.

Before KELLY, GALLAGHER and NEBEKER, Associate Judges.

KELLY, Associate Judge.

In the execution of a search warrant for an apartment in northwest Washington and an arrest warrant for one Lee Daniel Richardson, police officers found four persons present in the apartment: Richardson, appellant, and two other men who were not arrested. Observation and a search of the one-room apartment turned up a number of hypodermic syringes and "cookers", two

cutting screens,[1] and an empty red gelatin capsule. Appellant was arrested only after rent receipts were discovered showing him to be the lessee of the apartment. He was convicted by a jury of possession of implements of a crime [2] and maintaining a common nuisance.[3] The latter conviction is challenged on this appeal.

Alleged errors are the trial court's denial of appellant's motion for a directed judgment of acquittal and its acceptance of a general verdict of guilt after instructing the jurors that they could find appellant guilty of violating either or both alternative provisions of the common nuisance statute.

Section 33–416 of the Code, which defines a common nuisance, reads that

Any store, shop, warehouse, dwellinghouse, building, vehicle, boat, aircraft, or any place whatever, which is resorted to by narcotic drug addicts for the purpose of using narcotic drugs or which is used for the illegal keeping or selling of the same, shall be deemed a common nuisance. No person shall keep or maintain such a common nuisance.

■ By its own terms the statute provides for conviction of keeping or maintaining a common nuisance on alternative grounds and the courts have defined the requisite elements of proof for conviction on each ground. It is settled that in order to convict a defendant of keeping a place to which drug addicts resort for the purpose of using narcotic drugs, the first alternative provision of the statute, it is unnecessary to prove that drugs were or had been kept on the premises.[4] On the other hand, such proof is essential to sustain a conviction of maintaining a place which is used for the illegal keeping or selling of narcotic drugs. Williams v. United States, D.C.Mun.App., 101 A.2d 843, 844 (1954). There must in addition be proof that the narcotic drugs kept or sold on the premises were of a usable or salable quantity. Marshall v. United States, D.C.App., 229 A.2d 449, 450 (1967).

Here, the Government presented testimony of Richardson's arrest; of the search of the apartment, where some of the paraphernalia was in plain view, and of appellant's subsequent arrest when the rent receipts were found. One police officer demonstrated to the jury how the various articles of narcotic paraphernalia were used to prepare and inject drugs into the vein. He also explained how the cutting screens were used to prepare the heroin mixture for insertion into capsules for sale, stating that "[t]he only time I have ever come across a cutting screen is in a pad where narcotics are sold to customers."[5] There was testimony that Richardson had fresh needle marks on his arms, while those on appellant's arms were old. Further, a chemist testified that the one capsule found in the apartment contained traces of heroin but that no traces were found on the other paraphernalia.

A procedural problem arose at this point in the trial, and the Government rested its case under the following circumstances: It had originally planned to call Richardson as its witness, but sudden complications arose [6] which resulted in a stipulation that a motion for judgment of acquittal would be heard and decided on the basis of the testimony and evidence already presented. If the motion were granted the case would terminate; if denied, either side would be

---

1. There was testimony that cutting screens are used in the preparation of heroin for retail sale.

2. D.C.Code 1967, § 22–3601.

3. D.C.Code 1967, § 33–416.

4. United States v. Williams, 93 U.S.App. D.C. 120, 122, 210 F.2d 687, 688 (1953).

5. R. 49.

6. On this second day of trial Richardson was unexpectedly in the hospital, after oral surgery, but efforts were being made to bring him to court with an attendant nurse. He had been available to testify the day before but had not been reached.

at liberty to call Richardson as a witness if and when he arrived in court. After argument, the court denied appellant's motion on the stated grounds that the rent receipts indicated appellant lived in the apartment; that at least one of the four persons present in the apartment (Richardson) was known to be an addict; that according to the testimony appellant was at least a former addict, and that certain narcotic paraphernalia was present in the apartment.

 We agree that at the time the motion for judgment of acquittal was made there existed sufficient evidence to present to a jury the question of whether or not appellant kept or maintained a place resorted to by narcotic drug addicts for the purpose of using narcotic drugs. On the other hand, we doubt that a jury question existed on the alternative charge that appellant maintained a place used for the illegal keeping or selling of drugs, inasmuch as there was no evidence that narcotic drugs in a usable or salable quantity were kept on the premises at the time of the arrest and the one capsule found in the apartment contained only traces of heroin. However, since there was sufficient evidence on the one count which could reasonably support a jury's verdict of guilt of maintaining a common nuisance, the trial judge properly denied the acquittal motion.[7]

After the court's ruling on the acquittal motion, Richardson, who had by then arrived in court, testified that he had lived with appellant for about three months prior to his arrest and had used heroin in the apartment over five times. With this additional testimony, clearly there was sufficient evidence to support a conviction under either or both alternative provisions of

the common nuisance statute. Accordingly, the court did not err in so instructing the jury and in accepting a general verdict of guilt.[8]

Affirmed.

---

7. *See* Greene v. United States, 105 U.S. App.D.C. 334, 266 F.2d 932 (1959).

8. *Cf.* Williams v. United States, D.C.Mun. App., 101 A.2d 843 (1954).