Everett E. BERNARD, Appellant,

v.

UNITED STATES, Appellee.

Heron L. REDMON, Appellant,

v.

UNITED STATES, Appellee.

Nos. 88–1286, 88–1287.

District of Columbia Court of Appeals.

Argued April 25, 1990.
Decided May 31, 1990.

ment's evidence was sufficient to permit the jury to find beyond a reasonable doubt that the contraband sold by Bernard was in fact marijuana and that he distributed a "usable amount" of the drug. A second issue—whether there was sufficient evidence to establish that appellants constructively possessed cocaine—is addressed in non-summary fashion in Part III of this opinion.

 We hold that the identity and amount of a suspected controlled substance may be proved by circumstantial evidence, that the evidence in the present case was sufficient to support the jury's verdict, and that Bernard's motion for judgment of acquittal was properly denied. Discerning no merit in any of the other contentions raised by either appellant, we affirm the judgments entered below.

Rosanna Mason, appointed by this court, for appellant Bernard.

Steven A. Feldman, New York City, appointed by this court, filed a brief for appellant Redmon.

Anthony P. Farley, Asst. U.S. Atty., Washington, D.C., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher and Odessa Vincent, Washington, D.C., Asst. U.S. Attys., were on the brief, for appellee.

Before TERRY and SCHWELB, Associate Judges, and PRYOR, Senior Judge.

SCHWELB, Associate Judge:

Following a jury trial on an assortment of drug-related charges, appellant Everett Elroyd Bernard was convicted of distribution of marijuana, possession of marijuana with intent to distribute it, and unlawful possession of cocaine, in violation of D.C. Code § 33–541(d) (1988). Bernard's codefendant, appellant Heron Redmon, was convicted of unlawful possession of marijuana and unlawful possession of cocaine. *Id.* § 33–541(d). Both men now appeal their convictions, alleging that the trial judge made a diverse assortment of errors. The principal issue raised which warrants plenary discussion is whether the govern-

I

The evidence presented by the government, if believed by the jury, established that on January 23, 1988, an officer who was using binoculars in a concealed location observed both appellants, as well as other individuals, engaging in narcotics trafficking in the 7300 block of Georgia Avenue in northwest Washington, D.C. Specifically, the officer observed Bernard conversing with potential customers and handing small plastic objects to them. The customer would examine the object, sometimes raise it to his nose and smell it, and then give Bernard money for it. When Bernard ran out of the plastic objects, he would walk to the door of a nearby building and remove similar additional objects from a brown paper bag which was located on the ledge above the door. The officer also saw Redmon go to the paper bag—obviously a "stash" in the lingo of the drug trade—and remove objects from it. Redmon placed these objects in his pocket and then apparently sold several in transactions with passersby.

After observing this misguided entrepreneurial activity for an hour or so, the officer in the concealed observation post made radio contact with members of the arrest

team, who promptly took both appellants into custody. They recovered $390 in cash from Bernard and $212 from Redmon. On the ledge from which the two men had been replenishing their inventory, officers recovered the brown paper bag, which contained twenty ziplock bags containing green weed which later proved to be marijuana. Also on the ledge were two other plastic bags. One of these bags contained six ziplock packets of marijuana. In the other, police found six clear bags filled with white powder which was subsequently shown to be cocaine.[1]

These events led to the conviction of both appellants as described above. Each was sentenced to consecutive terms of incarceration.

## II

■ Bernard contends that the trial judge should have granted his motion for judgment of acquittal in connection with the charge of distribution of marijuana. Noting that the contraband which he allegedly sold to the suspected purchasers was not introduced into evidence,[2] Bernard claims that the government is required to produce the drugs in court so that he can "confront the evidence against him." He also argues that since the drugs were not in evidence, no determination could be made as to whether he distributed a "usable amount" of marijuana. We are unable to agree with these contentions.

■ Circumstantial evidence is not intrinsically inferior to direct evidence. In assessing the sufficiency of the government's proof, we make no distinction between direct and circumstantial evidence. *See, e.g., In re E.G.C.*, 373 A.2d 903, 906 (D.C.1977); *cf. Holland v. United States*, 348 U.S. 121, 140, 75 S.Ct. 127, 137, 99 L.Ed. 150 (1954) ("[c]ircumstantial evidence in this respect is intrinsically no different from testimonial evidence"); *Morrison v. United States*, 417 A.2d 409, 413 (D.C.

1980) (operability of pistol may be proved by circumstantial evidence). Indeed, as we had occasion to observe in *Jones v. United States*, 318 A.2d 888, 889 (D.C.1974) (quoting *State v. Goetz*, 7 Or.App. 515, 517–18, 491 P.2d 220, 222 (1971), *cert. denied*, 408 U.S. 929, 92 S.Ct. 2510, 33 L.Ed.2d 342 (1972)),

> the amount of narcotics the defendant had in his possession, *like any element of any crime*, can be proven by circumstantial evidence.

(Emphasis added).

Although this court held in *Jones* that the presence of a "usable amount" of a controlled substance may be proved circumstantially, we have never had occasion to decide whether the same kind of proof is sufficient to establish the *identity* of a suspected unlawful drug. Logically, the two situations are indistinguishable. The federal appellate courts which have addressed the question have uniformly held that circumstantial proof is sufficient. We agree.

■ To prove the unlawful distribution of a controlled substance, the prosecution must demonstrate beyond a reasonable doubt that the substance distributed was in fact such an illegal drug. *United States v. Lawson*, 507 F.2d 433, 438 (7th Cir.1974), *cert. denied*, 420 U.S. 1004, 95 S.Ct. 1446, 43 L.Ed.2d 762 (1975). This need not, however, be proved by direct evidence. As the court stated in *United States v. Agueci*, 310 F.2d 817, 828 (2d Cir.1962):

> Just as with any other component of the crime, the existence of and dealing with narcotics may be proved by circumstantial evidence; there need be no sample placed before the jury, nor need there be testimony by qualified chemists as long as the evidence furnished found for inferring that the material in question was narcotics.

*See also United States v. Quesada*, 512 F.2d 1043, 1045 (5th Cir.1975), *cert. denied*,

---

1. The drugs which were recovered were analyzed by the Drug Enforcement Administration and determined to be marijuana and cocaine.

2. At least one of the customers was apprehended and eventually entered a plea of guilty in the case. If marijuana was recovered from him, it was not introduced into evidence at the trial of these appellants.

423 U.S. 946, 96 S.Ct. 356, 46 L.Ed.2d 277 (1976) ("[t]he introduction of a chemical analysis of the substance is not essential to conviction"); *United States v. Murray,* 753 F.2d 612, 615 (7th Cir.1985) ("[t]he identity of a drug may be established by circumstantial evidence"); *United States v. Sanchez,* 722 F.2d 1501, 1506 (11th Cir.1984) (same); *United States v. Atkins,* 473 F.2d 308, 313–14 (8th Cir.1973) (same).

Most recently, in *United States v. Schrock,* 855 F.2d 327, 334 (6th Cir.1988), the court provided the following persuasive explanation for these and other decisions permitting circumstantial proof of the identity of a drug:

> Illegal drugs will often be unavailable for scientific analysis because their nature is to be consumed. As a practical matter, therefore, the evidentiary rule urged by Schrock would insulate from prosecution a large class of unlawful drugs when the government happens upon the scene too late to seize a sample of the substance. To our knowledge, no court has held that scientific identification of a substance is an absolute prerequisite to conviction for a drug related offense, and we too are unwilling to announce such a rule. In view of the limitations that such a burden would place on prosecutors, and in accordance with general evidentiary principles, courts have held that the government may establish the identity of a drug through cumulative circumstantial evidence.... So long as the government produces sufficient evidence, direct or circumstantial, from which the jury is able to identify the substance beyond a reasonable doubt, the lack of scientific evidence is not objectionable.

(Citations omitted).[3]

Applying the reasoning of these decisions to the record before us, we are satisfied that the prosecution presented suffi-

cient circumstantial evidence to establish that the packages distributed by Bernard contained marijuana. Bernard was observed making apparent sales of small plastic objects which he had taken from a brown paper bag concealed on the ledge above a doorway. When the paper bag was recovered, it contained twenty similar plastic packets of marijuana. The suspected customers who gave money to Bernard in exchange for the alleged drugs examined and in some instances smelled the goods, just as one might expect them to do if they were purchasing marijuana. One individual even rolled a cigarette immediately after making the purchase. From a common sense perspective, it was reasonable for the jury to conclude that what this man rolled was marijuana rather than tobacco. If Bernard was making street sales of material which came from a bag containing marijuana and which had been packaged for sale, then it was most improbable that the items being sold were of a different character from those which remained in the bag. Although it is theoretically possible that Bernard's sales were of something other than marijuana, that possibility appears remote indeed. In any event, the government need not exclude every reasonable hypothesis consistent with innocence. *See, e.g., Irick v. United States,* 565 A.2d 26, 30–31 (D.C.1989).

All of the packets seized from the brown paper bag were found upon chemical analysis to contain usable amounts of marijuana. If each of the unsold packets contained a usable amount, it would not be speculative to infer that the same was true of the packets which Bernard distributed. This court has held that circumstantial evidence may be used to prove the existence of a usable amount of a controlled substance. *Jones, supra,* 318 A.2d at 889. In the present case, the marijuana was offered for sale in quantities and packaging consistent with distribution.[4] Such circum-

---

3. The decisions of the state appellate courts are in accord. *See, e.g., Best v. State,* 79 Md.App. 241, 270–72, 556 A.2d 701, 716 (1989); *People v. Eichelberger,* 189 Ill.App.3d 1020, 1026–1028, 137 Ill.Dec. 520, 524, 546 N.E.2d 274, 278 (1989); *People v. Steiner,* 640 P.2d 250, 252 (Colo.App.

1981); *Pama v. State,* 552 So.2d 309 (Fla.App. 2d Dist.1989).

4. A police officer who was called by the prosecution as an expert on narcotics testified that the quantity and packaging of the marijuana

stances present persuasive evidence that a usable amount was being sold. *Wishop v. United States*, 531 A.2d 1005, 1009 (D.C. 1987). Indeed, it is reasonable to conclude that the transactions would not have been consummated if the packages had not contained a usable amount of marijuana. *Id.* at 1009–1010 (Steadman, J., concurring).

■ We emphasize that, in applying to drug cases principles generally applicable to the use of circumstantial evidence and to the weight to be accorded to it, we do not propose to countenance any attempt to prove guilt by speculative means. A lay person's impression, for example, is insufficient to establish the identity of a suspected drug. *People v. Kenny*, 36 A.D.2d 477, 320 N.Y.S.2d 972 (App.Div.1971), *aff'd*, 30 N.Y.2d 154, 282 N.E.2d 295, 331 N.Y.S.2d 392, 282 N.E.2d 295 (1972).[5] Although circumstantial evidence can do the job, the government must offer proof which could persuade a reasonable jury beyond a reasonable doubt that the substance distributed by Bernard was marijuana. In this case, we are satisfied that the government did so.

### III

■ Both Bernard and Redmon contend that the evidence was insufficient to show that they intentionally possessed cocaine. Emphasizing that the government introduced no testimony to the effect that either of them ever handled the plastic bag which contained the six packages of white powder, appellants argue that the jury could not link them to the cocaine without engaging in impermissible speculation. We do not agree.

■ No proof of actual possession of cocaine having been offered, the government's case against both men must rest on the theory that they constructively possessed this drug. To establish constructive possession, it is not sufficient for the prosecution to show that appellants were within reach of the drugs; mere proximity to an illegal item is not enough. *Curry v. United States*, 520 A.2d 255, 263 (D.C.1987). Rather, the government must establish that appellants knew of the location of the cocaine and that they exercised dominion and control over it. *Brown v. United States*, 546 A.2d 390, 394 (D.C.1988). Specifically, the prosecution was required to prove that each appellant knowingly had both the power and the intention at a given time to exercise dominion or control over the cocaine. *Brown, supra*, 546 A.2d at 394 n. 2 (quoting standardized jury instruction); *United States v. Cousins*, 427 F.2d 382, 384 (9th Cir.1970).

■ "Constructive possession may be sole or joint." *Brown, supra*, 546 A.2d at 394 n. 2. It may be established either by direct or by circumstantial evidence. *Id.* at 394. As we stated in *Irick, supra*, 565 A.2d at 30,

[i]n evaluating a claim of insufficiency, we must consider the evidence in the light most favorable to the government, giving the prosecutor the benefit of all reasonable inferences from the evidence. *Patterson v. United States*, 479 A.2d 335, 337–38 (D.C.1984). Neither this court nor the trial court may usurp the jury's prerogative of determining credi-

was consistent with distribution but not with personal use.

5. In *State v. Hutton*, 7 Wash.App. 726, 729–31, 502 P.2d 1037, 1040 (1972), the court stated that the identity of a drug may be established by circumstantial evidence, but added a cautionary note:

Ordinarily, however, not only prudence but necessity as well would dictate that some expression of opinion through expertise acquired through education or experience, be

expressed to support the identity of the substance possessed or distributed.

We have no quarrel with this general approach. In the present case, the contents of the brown paper bag were chemically analyzed by the Drug Enforcement Administration and shown to be marijuana. Under these circumstances, the jury could reasonably infer that the packets previously in the bag which Bernard had sold were likewise marijuana.

bility, weighing the evidence, and drawing reasonable inferences. *Stack v. United States*, 519 A.2d 147, 159–60 (D.C.1986).

The cocaine in this case was concealed on the same ledge where appellants kept the marijuana which they were selling. On a theoretical level, it is possible that the cocaine belonged to some other drug dealers [6] who were sharing the same convenient hiding place with Bernard and Redmon. To credit this possibility, however, the jurors would have had to accept the proposition that there were two independent groups of illicit entrepreneurs, and that each group would leave its drugs in close proximity to the other group's stash, without any apprehension that the inventory might disappear. Although it may be conceivable that especially trusting dealers were conducting parallel enterprises from the same ledge, the jurors were not bound to believe that this is what occurred. Rather, they could reasonably conclude on the basis of the evidence that Bernard and Redmon had joint dominion over all the drugs hidden in that one location, including the cocaine. The evidence was legally sufficient to support the jury's finding that each appellant intentionally possessed cocaine.

---

6. There was expert testimony that the cocaine, like the marijuana, was packaged for resale.

7. The remaining contentions of both appellants are without merit. The prosecutor's slight misstatement as to the source of the money found on Bernard was followed by a cautionary instruction that the jury's recollection controls; the misstatement did not deny Bernard a fair trial. *Thomas v. United States*, 557 A.2d 1296, 1303 (D.C.1989). The prosecutor's reference to a prosecution witness' "honesty" in acknowledging any imprecision in his recollection, if improper at all, likewise was not prejudicial, especially in light of the trial court's immediate cautionary instruction. The admission into evidence of the money found on appellants tended to show that they were engaged in illicit drug sales and knew of the location of the drugs on the ledge, and was admissible in any event to place in an understandable context the story of the crime. *Toliver v. United States*, 468 A.2d 958, 960 (D.C.1983). The reception into evidence of Redmon's police photograph, taken on the day of the arrest, did not imply to the jury that he had engaged in unrelated criminal activity. There was no objection to the court's in-

## IV

 For the foregoing reasons, the convictions of both appellants must be and each is hereby

*Affirmed.*[7]

struction as to reasonable doubt, *see* Super.Ct. Crim.R. 30; *see also Johnson v. United States*, 387 A.2d 1084, 1086 (D.C.1978) (*en banc*), and the instruction was proper in any event. *Moore v. United States*, 120 U.S.App.D.C. 203, 204, 345 F.2d 97, 98 (1965). The trial judge did not abuse his discretion by declining to declare a mistrial when the jury announced that it was deadlocked after only a few hours of deliberation. *Wilson v. United States*, 419 A.2d 353, 357 (D.C.1980). The government used Bernard's pretrial statement properly to impeach him, and not, as Redmon claims, improperly to impeach Redmon. Finally, Bernard was not denied the effective assistance of counsel at sentencing; indeed, the arguments which he says his attorney ought to have made but did not make at that hearing were subsequently presented to the judge in a motion to reduce sentence, which motion the judge denied. *See generally Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We have also considered appellants' other contentions which have not been specifically addressed, but conclude that none requires additional discussion or warrants reversal of either conviction.