Chris JOHNSON a/k/a Christopher
E. Johnson, Appellant,

v.

UNITED STATES, Appellee.

No. 91–CF–785.

District of Columbia Court of Appeals.

Submitted April 8, 1992.
Decided April 17, 1992.*

Betty J. Clark, Washington, D.C., appointed by this court, was on the brief for appellant.

Jay B. Stephens, U.S. Atty., John R. Fisher, Roy W. McLeese III, Thomas C. Black, Elisabeth A. Bresee, and Robin C. Ashton, Asst. U.S. Attys., Washington, D.C., were on the brief for appellee.

Before SCHWELB, KING, and SULLIVAN, Associate Judges.

* This decision was originally released as a Memorandum Opinion and Judgment. The court granted appellee's motion for publication and has made certain relatively minor revisions in the opinion.

SULLIVAN, Associate Judge:

Christopher E. Johnson was convicted by a jury of distribution of a controlled substance in violation of D.C.Code § 33–541(a)(1)(1988).[1] On appeal, he challenges his conviction and contends that the trial judge committed reversible error by improperly instructing the jury as to the meaning of the terms "usable amount" and "distribute." He also challenges the court's imposition of the mandatory-minimum sentence of imprisonment for not less than four years, pursuant to D.C.Code § 33–541(c)(1)(A) (1988). We affirm.

## I.

The government's evidence showed that Officer Mary Lanauze was working undercover shortly after midnight on March 5, 1990, when she was approached by a woman who was apparently selling cocaine. The woman asked if Lanauze was "okay," to which Lanauze replied in the affirmative. The woman then inquired whether Lanauze was "looking," to which Lanauze again answered in the affirmative. Lanauze then told the woman that she "wanted to get a twenty," to which the woman replied, "Okay, come with me." The woman led Lanauze to an apartment in a building located at 603 Morton Street, N.W., where appellant Johnson sold Lanauze a white rock-like substance that later was analyzed as 140 milligrams of 93 percent pure cocaine base (i.e., crack cocaine). Lanauze paid Johnson for the substance with a pre-recorded $20 bill. An arrest team, including Officers James Kyle and Kenneth Cummings, responded to Lanauze's radio broadcast of a description of Johnson. When Johnson thereafter was detained, Lanauze rode by and positively identified him as the person who moments earlier had sold her the substance. Officer Kyle recovered $201 during his search of Johnson, including the $20 bill Lanauze had used to make the purchase.

Detective Joseph L. Brenner, the government's expert on the use and distribution of cocaine in the District of Columbia, testified that, in his opinion, 140 milligrams of 93 percent pure cocaine base constitutes a "usable amount" and that a $20 portion is "the standard size that crack cocaine is sold in on the streets of the District of Columbia."

## II.

Appellant contends that the trial court erred by instructing the jury that "[a] usable amount is an amount which can be used by an individual in a customary fashion for that drug" and by refusing to instruct the jury that it must find the amount sufficient to produce a narcotic effect. Therefore, appellant asserts that the court's imposition of a mandatory four-year sentence, absent proof of the narcotic effect of the drug, amounts to, *inter alia*, "cruel and unusual punishment" under the U.S. Constitution.

Appellant also argues that the trial court erred by instructing the jury that the term "distribute" includes "attempted transfer of a controlled substance." He claims that this instruction fails to track the applicable statute and, thus, constitutes a constructive amendment of the indictment.

■ At trial, however, defense counsel agreed to the "usable amount" instruction and made no objection to the instruction defining the term "distribute."[2] Therefore, appellant must demonstrate "plain error" to prevail on appeal. *Deneal v. United States*, 551 A.2d 1312, 1317 (D.C.1988) and cases cited therein. Super.Ct.Crim.R. 30 states that: "No party may assign as error any portion of the charge or omission therefrom unless that party objects thereto before the jury retires to consider its verdict...." Since the alleged errors were not objected to at trial, they will not be considered on appeal unless appellant can show that they were "so clearly prejudicial

---

1. D.C.Code § 33–541(a)(1) states in relevant part: "Except as authorized by this chapter, it is unlawful for any person knowingly or intentionally to ... distribute ..., with intent to distribute, a controlled substance."

2. Appellant's counsel was not the trial attorney.

to [his] substantial rights as to jeopardize the very fairness and integrity of the trial." *Watts v. United States*, 362 A.2d 706, 709 (D.C.1976), *cited in Deneal, supra*, 551 A.2d at 1317.

### III.

■ Contrary to appellant's claim with regard to the first jury instruction at issue, the law in this jurisdiction does not require the government to prove narcotic effect where the record establishes that the amount of the controlled substance seized constitutes a "usable amount."[3] *Judge v. United States*, 599 A.2d 417, 420 (D.C. 1991) (citing *Davis v. United States*, 590 A.2d 1036, 1038–39 (D.C.1991)). Proof of narcotic effect is only required where a minute amount of a controlled substance that "cannot be sold, ... administered[,] or dispensed" has been recovered. *Wishop v. United States*, 531 A.2d 1005, 1007 (D.C. 1987) (quoting *Edelin v. United States*, 227 A.2d 395, 398–99 (D.C.1967)). *See also Judge, supra*, 599 A.2d at 420 (distinguishing *Singley v. United States*, 533 A.2d 245, 247 (D.C.1987)).

■ The evidence adduced at trial established that the controlled substance seized consisted of 140 milligrams of crack cocaine; that such an amount of crack cocaine constituted a "usable amount;" and that the $20 portion of crack cocaine distributed by appellant was the standard size in which crack cocaine is sold in the District of Columbia. This evidence established clearly that the amount of cocaine distributed by appellant was not so minute that proof of narcotic effect was required. Accordingly, the trial court's instruction defining "usable amount" was proper, as was its refusal to require the jury to find that

the amount was sufficient to produce a narcotic effect.

### IV.

■ Appellant states that the second jury instruction at issue failed to track the language of the pertinent statute in that it included "attempted transfer"[4] within the meaning of distribution and, thereby, was tantamount to an amendment to the indictment. We do not agree. The instruction given by the trial court as to the meaning of "distribute" clearly flowed from the applicable statutory definition of that term. D.C.Code § 33–541(a)(1) states in relevant part that it is illegal to "distribute ... a controlled substance." D.C.Code § 33–501(1988), which sets forth the definitions to be used in reading Chapter 5, District of Columbia Uniform Controlled Substances Act of 1981, defines the term "distribute" to mean "the actual, constructive, or *attempted transfer* from 1 person to another other than by administering or dispensing of a controlled substance...." D.C.Code § 33–501(9) (emphasis added). Thus, the trial court's instruction to the jury properly included attempted transfer within the meaning of distribution, and in no way did it constitute an amendment to the indictment. *But see Wright v. United States*, 564 A.2d 734, 737 (D.C.1989).

### V.

■ We hold that the trial court committed no error—much less plain error—by propounding either one of the challenged instructions to the jury. Accordingly, we affirm Johnson's conviction for distribution of a controlled substance. We also hold that the court's imposition of a four-year mandatory-minimum sentence was within

---

3. Usability can be proven in several ways. First, " 'The fact that a drug is measurable—i.e., capable of quantitative analysis—will usually suffice to prove it is usable.' " *Judge v. United States*, 599 A.2d 417, 419–20 (D.C.1991) (quoting *Wishop v. United States*, 531 A.2d 1005 (D.C. 1987)). Second, expert testimony can establish usability. *Wishop, supra*, 531 A.2d at 1008 n. 6. Moreover, circumstantial evidence that a controlled substance was offered for sale in quantities and packaging consistent with distribution can be presented to show usability. *Bernard v. United States*, 575 A.2d 1191, 1195 (D.C.1990) (citing *Wishop, supra*, 531 A.2d at 1009). *See also Gray v. United States*, 600 A.2d 367, 369 (D.C.1991).

4. Although both parties use the words "attempted transfer" and "attempted distribution" interchangeably in their briefs, the actual jury instruction refers to "attempted transfer."

the statutorily permissible range and not unconstitutional.

For the foregoing reasons, the judgment on appeal herein is

*Affirmed.*