**Alonzo D. WASHINGTON, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 91–CF–818.**

District of Columbia Court of Appeals.

Argued Nov. 19, 1992.
Decided Dec. 30, 1992.

Deborah A. Persico, McLean, VA, for appellant.

Nancy E. Smith, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher, Roy W. McLeese, III, and

Halsey B. Frank, Asst. U.S. Attys., Washington, DC, were on the brief, for appellee.

Before FERREN and KING, Associate Judges, and BELSON, Senior Judge.

PER CURIAM:

Appellant was convicted of possession with intent to distribute cocaine (PWID), in violation of D.C.Code § 33–541(a)(1) (1988 Repl.). He was sentenced to a term of ten to thirty years; execution of the sentence was suspended as to all but five years, followed by five years of probation. In this appeal, appellant makes only one claim requiring more than summary consideration: that the evidence was insufficient to establish a usable amount of the controlled substance alleged to have been possessed by him. We affirm.

On November 26, 1990, at approximately 4:30 p.m., Officers Robert G. Clark and Angela M. Adair, on undercover patrol, approached an individual in the 1200 block of Delaware Avenue, S.W., and asked him whether he was selling or "working." He responded that he was not, but informed the officers that someone was working in the 300 block of L Street. The officers then drove to that location, parked their car, and observed appellant standing in the space between two apartment buildings.

Shortly afterwards, the officers saw an unidentified man park his vehicle and approach appellant. After a brief conversation appellant walked to a nearby fence and picked up a small white McDonald's bag from which he removed a blue ziplock bag. Appellant then dropped the blue ziplock bag to the ground. At about the same time, the other man dropped money to the ground. Both men then bent over; appellant picked up the money and the unidentified man picked up the ziplock bag.

The officers then approached, identified themselves as the police, and stopped appellant. They were not able, however, to apprehend the second man. While Clark detained appellant, Adair walked to the fence and recovered a white McDonald's bag which contained fourteen blue ziplock bags of a "rock material" substance. At trial, a forensic chemist testified that the fourteen bags contained a total of 7.233 grams of cocaine at 92 percent strength.

During a frisk of appellant, Officer Clark recovered four or five twenty-dollar bills. When Adair approached and told Clark that she had recovered appellant's stash, appellant pushed Clark away and attempted to flee. After a chase, appellant was stopped and placed under arrest.

■ Appellant's principal claim is that the evidence was insufficient because the government failed to establish that he possessed a usable amount of cocaine.[1] We do not agree. Applying the familiar standard, viewing the evidence in the light most favorable to the government and giving deference to the jury's right to draw reasonable inferences from the facts, *see, e.g., Gray v. United States*, 600 A.2d 367, 369 (D.C.1991), we hold that the evidence was

---

1. Appellant also claims that the police lacked probable cause for the initial stop of him. It is by no means clear that probable cause was required for the initial detention of appellant, or that appellant had any expectation of privacy in the white McDonald's bag—issues not raised or considered by the trial court. Even if both points are resolved in appellant's favor, which we do not decide, we are satisfied that there were more than enough facts, known to the officers, to establish probable cause at the time of their initial encounter with appellant. *Mozingo v. United States*, 503 A.2d 1238, 1240 (D.C. 1986).

Appellant also claims that the trial court erred in allowing the prosecutor, in closing argument, to argue that appellant possessed the controlled substances with the intent to distribute in circumstances where the government presented no

expert testimony on that issue. This claim is evaluated under the plain error standard of review because appellant failed to object to the prosecutor's argument during the trial. The conduct of the prosecution would only warrant reversal if it resulted in a miscarriage of justice, which we do not find. *Dixon v. United States*, 565 A.2d 72, 78–80 (D.C.1989).

In any event, government counsel, in his closing argument, explained the circumstances and evidence presented at trial, *i.e.*, that the police officers observed the transaction, recognized the blue ziplock bags as a method of cocaine packaging, and that the fourteen ziplock bags had a street value of $20 per packet. Government counsel simply argued that from these facts the jury could infer that appellant's possession was for purposes of distribution. Thus we find there was no error, much less plain error. *Id.*

sufficient to establish that appellant possessed a usable amount of a controlled substance.

■ Twenty-five years ago this court held, in a drug possession case, that the government must establish beyond a reasonable doubt that the quantity of the alleged controlled substance was a "usable amount." *Edelin v. United States*, 227 A.2d 395 (D.C.1967).[2] *Edelin* spawned a number of subsequent cases in which we considered the meaning of the term "usable amount." The cases following *Edelin* hold, in substance, that proof of a usable amount can be established in different ways. *Gray v. United States*, 600 A.2d 367, 369 (D.C.1991). We have held, for example, that evidence of usability can ordinarily be established by showing that the quantity of the substance is measurable. *Gray, supra,* 600 A.2d at 369 (citing *Wishop v. United States*, 531 A.2d 1005, 1008 (1987) (holding that the fact that the drug is measurable is persuasive that it is also usable)). We have also held that usability can be established through opinion evidence, ordinarily from experienced police officers qualified as expert witnesses on the subject, that the controlled substance is a usable amount. *Id.* (citing *Wishop, supra,* 531 A.2d at 1008 n. 6). The opinions of these expert witnesses have been based on a variety of factors including the actual quantity of the substance, its packaging, or some other indicator of usability. Finally, usability may be proven through "circumstantial evidence that drugs are offered for sale in quantities and packaging consistent with distribution...." *Id.* (citing *Bernard v. United States*, 575 A.2d 1191, 1195 (D.C. 1990)).

■ The heart of appellant's argument before this court is that since no expert witness was presented by the government to give an opinion on the usable amount issue, as has been customary in these cases, the government failed to establish usability.[3] We have never held that expert testimony was essential for such proof and we do not do so now. Indeed, as we noted in *Gray*, usability may be established in a variety of ways.

For example, the controlled substance in question here was clearly measurable—the chemist testified that the cocaine was in rock form, weighed 7.233 grams, was packaged in fourteen separate ziplock bags, and was 92 percent pure. In several cases we have found that the evidence was sufficient to establish a usable amount of cocaine when the quantity was considerably less than presented here. *See Judge v. United States*, 599 A.2d 417, 419–20 (D.C.1991) (substance weighing 187 milligrams and 91 percent cocaine is a usable amount); *Davis v. United States*, 590 A.2d 1036, 1038–39 (D.C.1991) (rocks weighing 144 milligrams and 97 percent cocaine constitutes usable amount). The fact that the quantity in this case was not only measurable, but was so great as to be divisible into fourteen portions was conclusive evidence of usability. *See Thomas v. United States, supra* note 3, at 24 ("93 percent of 200 milligrams [of cocaine base] surely would be a usable amount").

■ Further, Officers Clark and Adair testified that in their training they had seen packaging materials for narcotics which included blue ziplock baggies. A third officer, a vice investigator who partic-

---

2. The government, in a comprehensive examination of the law on this issue in other jurisdictions, argues that this judicially created requirement is inconsistent with the plain language of the statute and contrary to the overwhelming weight of authority in other jurisdictions. It asks that this court overrule *Edelin* and the cases following it that require a showing of usability. The government acknowledges, however, that this division is bound by *Edelin* which may only be overruled by this court sitting en banc.

3. At oral argument, appellant's counsel conceded that a jury instruction defining usable amount would have cured the asserted defect in the government's proof. In short, appellant's position is that if there is no expert testimony on the usable amount issue, an appropriate jury instruction would be sufficient. No such instruction was requested. We note that even where expert testimony on the issue of usable amount is presented, it is the better practice for the trial court to give a jury instruction defining the term. *Thomas v. United States*, 619 A.2d 20, 27 (D.C.1992).

ipated in appellant's arrest, testified, without objection, that she was familiar with blue ziplock baggies and that they have a street value of $20 when packaged with cocaine. This testimony dovetailed with Officer Clark's testimony that appellant had several $20 bills in his pocket. As noted, usability can be established by showing that the drugs were packaged in a manner consistent with distribution. *Bernard, supra,* 575 A.2d at 1194-95.

Finally, the arresting officers observed appellant sell a packet that had been taken from the white McDonald's bag that also contained the controlled substances which are the subject matter of this prosecution. Surely if evidence of packaging, consistent with distribution, is probative on the issue of usability, as we held in *Bernard,* then the actual distribution of a controlled substance would be as well. In sum, the government established usability in a variety of ways and viewing this evidence in the light most favorable to the government, a reasonable jury could find that appellant possessed a usable amount of cocaine with an intent to distribute it.

Accordingly, the judgment of conviction is

*Affirmed.*

KING, Associate Judge, concurring:

I join the majority opinion in every respect except for the final sentence of footnote 3 which expresses a preference for a jury instruction defining the term usable amount. *See Thomas v. United States,* 619 A.2d 20, 27 (D.C.1992). While I have no objection to such an instruction, if the usable amount requirement is retained, I think the more prudent course is the one suggested by Judge Sullivan, in his separate opinion in *Thomas, supra,* at 29-30, which calls for a reevaluation, by the en banc court, of the usable amount requirement.[1] *See also Wishop v. United States,*

---

1. The government, in this case, requested that we abolish the usable amount requirement.

531 A.2d 1005, 1009-10 (D.C.1987) (Steadman, J., concurring).