Howard GROVES, a/k/a Howard
Graves, Appellant,

v.

UNITED STATES, Appellee.

Nos. 84–937, 87–425.

District of Columbia Court of Appeals.

May 7, 1990.

James Klein, Public Defender Service, Washington, D.C., for appellant.

John R. Fisher, Asst. U.S. Atty., Washington, D.C., for appellee.

Before ROGERS, C.J., STEADMAN, Associate Judge, and MACK, Senior Judge.

ORDER

PER CURIAM.

On consideration of appellant's petition for rehearing or rehearing en banc, and the opposition thereto, it is

ORDERED that the petition for rehearing is granted to the extent that this court's opinion filed September 19, 1989, 564 A.2d 372, is hereby revised as follows:

Page 7, first paragraph, second sentence [564 A.2d at 375]: insert ", and did," so that the sentence would read:

However, there was sufficient, other probative evidence on which the trial judge could, and did, properly base a finding that the Statchuk shooting occurred. [footnote retained]

Page 8, in carryover paragraph [564 A.2d at 375], (1) add a new introduction to the first sentence after footnote 8 and break the sentence into two sentences; (2) leave the next sentence unchanged; and (3) revise the following sentence so it reads in terms of facts relied on by the trial judge. The first change would read:

Noting that even if Statchuk was a pathological liar, there was sufficient other evidence that the shooting occurred and that appellant was connected to it, the judge relied on Statchuk's identification of a black over white automobile with a license number that was registered in appellant's name. The judge found that it was highly unlikely that Statchuk "would have concocted something like that" when he did not even know appellant.

[No change in next sentence]

The third change would involve revising the beginning of following sentence so it would read:

The judge also relied on the fact that a warrant had been prepared for appellant's arrest for the Statchuk shooting, that appellant had access to an Electra 225, the car described in the Thanksgiving Day murder, and that appellant had been identified by Statchuk at a lineup.

Page 8, first paragraph [564 A.2d at 376], insert in the first sentence: "the judge made an appropriate reliability finding under *Drew* based on the proffers," so the sentence would read:

Accordingly, notwithstanding the judge's misstatement of the proper standard for admissibility, the judge made an appropriate reliability finding under *Drew* based on the proffers, and the error is not "of a magnitude to require reversal," *see generally Johnson v. United States*, 398 A.2d 354, 366 (D.C.1979) (trial court discretion), since other competent evidence clearly established that the Statchuk shooting occurred.

MACK, Senior Judge, would grant the petition for rehearing and reverse.