Luigi CANTIZANO, Appellant,

v.

UNITED STATES, Appellee.

Nos. 89–CM–1333, 89–CM–1334.

District of Columbia Court of Appeals.

Argued March 25, 1992.
Decided April 14, 1992.*
Opinion Filed Oct. 9, 1992.

* The disposition in this case was originally issued as a Memorandum Opinion and Judgment on April 14, 1992. It is now being published by the direction of the court upon motion by appellee. Some stylistic changes have been made in the published opinion.

Barbara E. Sosnick, appointed by the court, for appellant.

David L. Smith, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher and Thomas C. Black, Asst. U.S. Attys., were on the brief, for appellee.

Before FERREN, STEADMAN, and WAGNER, Associate Judges.

PER CURIAM:

Appellant was convicted of four counts of simple assault (D.C.Code § 22–504) (1989). Appellant argues on appeal that the trial court erred in denying his motions: (1) to suppress evidence and identification; (2) to dismiss based on the victim's destruc-

tion of physical evidence with the government's consent and the government's failure to disclose on a timely basis certain evidence; (3) to grant a mistrial based on the government's failure to disclose pretrial an out-of-court identification by one complaining witness and the improper admission of hearsay testimony; and (4) to sever counts. Appellant also argues that there was insufficient evidence to convict him and that the prosecutor's allegedly improper closing argument requires reversal. Finding no reversible error, we affirm.

## I.

Each of the four incidents out of which the charges arose occurred in 1989 between late morning and 2:30 p.m. on January 19, February 22, March 13 and March 14. Each complaining witness is a young adult female who, while driving an automobile, was approached by a man on a motorcycle, wearing a helmet. After speaking with each complainant on some pretext, the man smeared a substance on each victim's face and said it was sperm or semen. The man asked the first victim for the time and directions. He told each of the other victims that she had a nail in her tire, and thus got close enough to commit the assault. The second two victims obtained the tag number of the assailant's motorcycle. Shortly thereafter, the fourth victim saw her attacker walking across a parking lot where several motorcycles were parked which were later found to belong to a courier company in the building, Unicorn Graphics. A police officer was directed to the location where he encountered appellant who matched a description of the assailant given by the last victim. The officer took appellant outside where the fourth victim positively identified him.

Appellant was employed as a courier by Unicorn Graphics at the time the crimes were committed. A company supervisor testified that the motorcycle with the license plate given by the witnesses was the bike used by appellant and that employees customarily did not switch bikes.[1] The company's time records also showed that appellant worked on each of the dates that the crimes were committed.

## II.

■ Appellant argues that the trial court erred in denying his motion to suppress evidence and identification. This argument is based on the several lookouts given for the suspect before his arrest, the first of which had mistakenly described the suspect as a black male on a red motorcycle wearing a black helmet and a black jacket. The first description came from an attendant at the gas station where Ms. Goldsmith, the fourth victim, went for assistance. Ms. Goldsmith testified that she told the attendant only that a man had hit her and that she had not provided the attendant with any description.

A police officer, who was directed to Unicorn Graphics to look for the suspect, learned that no black courier had entered the office, although he saw what appeared to be the assailant's motorcycle on the lot. While in the office, the officer requested and obtained a description from another officer who was still at the crime scene with the complaining witness. That description came back for an "Oriental male with acne." Observing that appellant, who was in the office, could be either "Oriental" or Hispanic and that he had an uneven complexion, the officer took him outside for a show-up and gave him *Miranda* warnings. Before they went outside, appellant obtained from his locker a red jacket, and the officer observed a black jacket inside the locker. Appellant asked what was going to happen, and the officer responded that if appellant was not identified, he would be free to go. Appellant volunteered that he wasn't at the gas station and he didn't do anything. Ms. Goldsmith positively identified appellant as her assailant, but she said that earlier he had been wearing a black jacket and a white helmet. The officer went back inside the office and

---

1. The last three victims all identified the bike as being black, except that one of them stated that the bike was black and red with white stripes.

The first victim mentioned stripes also, but she described the motorcycle as blue-gray with black mufflers or hand warmers.

asked which of the two or three helmets on a table belonged to appellant. Someone pointed to a white one. The officer took the helmet and a black jacket, which he obtained from appellant's locker, to Ms. Goldsmith. She identified the items as those worn by appellant.

■ The trial court granted appellant's motion to suppress the jacket, but denied the motion to suppress the helmet, the identification and the statement. We agree with the trial court that the information known to the arresting officer, including the later description obtained from the officer who was with the victim, and the arresting officer's observations that appellant appeared to match the description was sufficient to support appellant's brief detention to allow the crime victim to view him. *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968); *see also In re J.G.J.*, 388 A.2d 472, 474 (D.C.1978). Therefore, we reject appellant's argument that the identification and seizure of the evidence resulted from an unlawful detention and arrest. We reject also appellant's claim that the helmet should have been suppressed because of his expectation of privacy in the open office. The court found, and the record supports, that the office was open to those who walked in, as the officer did here. A brief detention of property for identification is permissible under *Terry* principles. *United States v. Place*, 462 U.S. 696, 706, 103 S.Ct. 2637, 2644, 77 L.Ed.2d 110 (1983).[2]

### III.

■ Appellant next argues that the trial court erred in denying a motion to dismiss based on destruction of evidence and failure of the government to disclose certain physical evidence until midtrial.

The subject of the destroyed evidence claim was the paper towel used by the fourth victim to wipe her face after the incident. She discarded the paper towel after the police officer on the scene told her she could do so when she asked him what to do with it. Under the circumstances, no bad faith was shown on the part of the police officer in failing to preserve the evidence; therefore, the trial court did not err in denying the motion to dismiss. *See Arizona v. Youngblood*, 488 U.S. 51, 56–57, 109 S.Ct. 333, 336–37, 102 L.Ed.2d 281 (1988).[3] Nor do we find an abuse of discretion in the trial court's ruling under Super.Ct.Crim.R. 16. *See Brown v. United States*, 372 A.2d 557, 561 (D.C.1977).

■ Appellant also argues that he was prejudiced by the court's ruling which would have allowed the government to offer in rebuttal the negative test results on a substance taken from another victim's automobile. On the third day of trial the prosecutor informed the court that he had just become aware of the information. In opening statements, defense counsel had alleged that the government had destroyed critical evidence, and the government sought to offer the negative test results evidence to refute appellant's claim. In view of the court's ruling, appellant declined to offer evidence related to the destruction of the paper towel in the case of the fourth victim. We find no reversible error in the trial court's evidentiary ruling. *See United States v. Mosby*, 495 A.2d 304, 305 (D.C.1985).

### IV.

■ Appellant also challenges denial of a motion for mistrial based on the government's failure to disclose an identification

---

2. We find no merit to appellant's argument that his statement and the identification of the motorcycle should have been suppressed. We agree with the trial court that the statement was volunteered and not prompted by any question by the officer. The government agreed it would not offer evidence that appellant pointed out a particular motorcycle. The matter was not pursued in argument at the motions hearing, and there was no showing that the bike appellant

allegedly pointed out was the one identified by the complaining witness.

3. Appellant also argues that appellant's assertion to the witness about the nature of the substance should have been disallowed since the evidence was destroyed. Proof of the crime did not depend upon whether the substance was or was not what appellant asserted it to be. We find no error in the trial court's exclusion of the evidence on this ground.

made by the victim of the March 13th attack, Ms. Reo, who attended a lineup and failed during it to identify appellant as her assailant. The government had informed defense counsel that Ms. Reo did not identify appellant during the lineup and that she would make no in-court identification. The government adhered to its promise, but defense counsel made an assertion in questioning Ms. Reo that she had never identified appellant, and the victim responded that after leaving the lineup she did. The prosecutor expressed surprise, having believed that the "identification" was not sufficient to present. The jury had an opportunity to view the lineup and observe that the victim did not identify appellant, and the court instructed the jury to disregard the witness' testimony to the contrary. Under the circumstances, we find no abuse of discretion in the court's ruling denying the motion for mistrial. *See Lee v. United States,* 562 A.2d 1202, 1204 (D.C.1989).

### V.

■ Appellant argues that the trial court erred in consolidating the counts for trial. We disagree. The crimes are properly joined,[4] and the motion for severance was properly denied because the evidence of each crime would have been admissible at a separate trial of the other to prove identity. *See Bridges v. United States,* 381 A.2d 1073, 1075, *cert. denied,* 439 U.S. 842, 99 S.Ct. 135, 58 L.Ed.2d 141 (1978). The crimes involved are classic signature crimes with an unusual modus operandi such that there is a reasonable probability that one person committed all the offenses. *Id.; see also Cox v. United States,* 498 A.2d 231, 235 (D.C.1985). We reject appellant's argument that the trial court abused its discretion in failing to sever crimes properly joined under Super.Ct.Crim.R. 8(a) without first finding by clear and convincing evidence that appellant committed each assault. Appellant cites in support of the argument cases involving the admissibility of evidence of uncharged crimes.[5] Proper-

ly joined crimes may be considered mutually admissible when relevant to prove identity, and evidence of one crime " 'is admissible on the issue of identity when circumstances surrounding each crime demonstrate that there is a reasonable probability that the same person committed both due to the concurrence of unusual and distinctive facts relating to the manner in which the crimes were committed.' " *Brooks v. United States,* 448 A.2d 253, 257 (D.C. 1982) (quoting *Drew v. United States,* 118 U.S.App.D.C. 11, 16, 331 F.2d 85, 90 (1964)).

### VI.

■ Appellant makes three additional arguments, each of which we reject: the hearsay testimony given by a police officer required a mistrial; the evidence was insufficient to convict; and the prosecutor engaged in misconduct. We address each argument briefly. The testimony of Officer Wyland formed the basis for the request for a mistrial. The officer testified that people at the courier office told him appellant was the only one who arrived shortly before he did and that someone said the white helmet belonged to appellant. Appellant acknowledges that his objection to the evidence was sustained, and the trial court instructed the jury to disregard it. We find no abuse of discretion in the trial court's denial of a mistrial motion under the circumstances. *See Lee, supra,* 562 A.2d at 1204.

■ Viewing the evidence in the light most favorable to the government, we find the evidence adequate to support the findings of guilt. *See Hawthorne v. United States,* 476 A.2d 164, 168 n. 10 (D.C.1984); *Driver v. United States,* 521 A.2d 254, 259 (D.C.1987). All of the witnesses identified the motorcycle used by appellant from photos. Two complainants knew the license plate which traced it to appellant. One

---

4. Super.Ct.Crim.R. 8(a).

5. *See Groves v. United States,* 564 A.2d 372, 374 (D.C.1989), *modified on reh'g on other grounds,*

574 A.2d 265 (D.C.1990); *Thompson v. United States,* 546 A.2d 414, 421 n. 11 (D.C.1988); *Ali v. United States,* 520 A.2d 306, 310 n. 4 (D.C.1987).

witness positively identified appellant as the person who committed the offense against her, and the other complaining witnesses gave descriptions of their assailant consistent with appellant's appearance. The identification evidence under *Drew* adds to the strength of the evidence identifying appellant as the perpetrator of the crimes.

 Finally, appellant argues that the prosecutor misstated the evidence and engaged in an inflammatory argument. We find no error on either score. We have reviewed the argument and find that it was within allowable bounds and not an outright expression of the prosecutor's opinion. *See Dixon v. United States*, 565 A.2d 72, 77 (D.C.1989) (every remark beyond a discussion of the evidence is not improper, and prosecutor can comment on evil results of a crime); *see also Irick v. United States*, 565 A.2d 26, 36 (D.C.1989). We also perceive no prejudice resulting from the claimed misstatement, as the court sustained the defense objection, and the prosecutor adequately corrected it. *See Bernard v. United States*, 575 A.2d 1191, 1196 n. 7 (D.C.1990).

For the foregoing reasons, the judgments of conviction hereby are

*Affirmed.*